[No. 15007. Department One. February 28, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v.
CHARLES WARWICK, *Appellant*.[1]

CRIMINAL LAW (255, 259)—TRIAL — INSTRUCTIONS — UNLAWFUL
COMMENT—ASSUMPTION OF FACTS. In a prosecution for assault, an
admission by the defendant, that when attacked and struck he threw
up his arm to ward off a blow, and thought it struck the arm of the
assailant, is not an admission that he used force, and does not, even
with the testimony of other witnesses, warrant instructions to the
jury assuming that he used force, and the same is unlawful com-
ment on the evidence.

SAME (391-1)—APPEAL—EXCEPTIONS—NECESSITY—RULINGS ON EVI-
DENCE. Where instructions invade a constitutional right by unlawful
comment on the evidence, it is not necessary that an exception be
taken and called to the attention of the trial court.

Appeal from a judgment of the superior court for
King county, Ronald, J., entered May 11, 1918, upon
a trial and conviction of third degree assault. Re-
versed.

*Thos. R. Horner,* for appellant.

*Alfred H. Lundin* and *Joseph A. Barto,* for respond-
ent.

MAIN, J.—The defendant in this case was charged
with the crime of assault in the third degree. The
trial resulted in a verdict of guilty. From the judg-
ment entered upon the verdict, the defendant appeals.

On July the 21st, 1917, and for some time prior
thereto, the appellant was and had been living at the
Hotel Russell, in Seattle. On the night of that day,
the appellant returned to his room at about twelve
o'clock and found therein the complaining witness and
a woman. The complaining witness he had not known

[1]Reported in 178 Pac. 977.

prior to that time, but the woman apparently was not a stranger to him. They had entered the room without permission from the appellant. The conversation which took place in the room need not be here detailed further than to say that it was not of an ill nature. After a few minutes, the appellant left the room to go to another part of the building and the complaining witness left, apparently to leave the building. The room was on the second floor of the hotel, and was reached by a stairway. A little later, the complaining witness and the appellant met near the head of the stairs. The appellant testifies that he said to the complaining witness:

"I thought you had gone home;" and that, thereupon, the complaining witness applied to him a vile epithet and struck at him, and knocked off his glasses, and "when he went to strike again I threw up my left arm and I think it struck his right arm. He went down the stairs and his hat fell off. I ran down after him and picked up his hat as I went."

The complaining witness testified that when they met at the head of the stairs the defendant applied to him a vile epithet and told him to "get down the stairs," and he further testified:

"When he came down the stairs around the banister, I went down the stairs. When I got to the bottom, the son was there, and hauled off and smashed me in the face here, and cut my lip all open. When I got to the street entrance, the doctor (appellant) overtook me, and had some big heavy instrument or something, and came down on my head."

It was for the assault that occurred on this occasion that the appellant was tried and convicted. The theory of the defense was that the complaining witness had not been struck or assaulted by the appellant. The theory upon which the case was prosecuted

was that the appellant had struck the complaining witness, at the foot of the stairs near the street entrance to the hotel, after he had been first struck in the face by the son. The case was submitted to the jury by the instructions of the trial court upon the theory that the appellant had used force upon the complaining witness, and that the question to be determined was whether such force was justified. After defining the crime of assault, the court in the instructions states: "The defendant admits having used force" on the complaining witness, but claims "that such force as he used was not unlawful, but was in the lawful defense of his own person, and to protect himself against an unlawful assault." Throughout the instructions, the expression recurs that the appellant used force on the complaining witness.

The controlling question is whether it was error for the court to instruct the jury that the appellant admitted that he "used force" on the complaining witness. This is a direct comment upon the evidence, and if it is not justified by the testimony of the appellant himself, it is violative of his rights under article 4, § 16 of the constitution. As we read the evidence of the appellant, it is not to be construed as an admission on his part that he used force. It is true that he testified that he threw up his left arm to ward off a blow directed at him by the complaining witness, after he had been once struck and his glasses knocked off, and that he thought it struck the right arm of his assailant. This language is more restricted than the language used in the instructions. In other words, the trial court, in the language used, went beyond the testimony of the witness. The fact has not been overlooked that two witnesses on behalf of the state testified; one, that the appellant, after the oc-

currence, had stated to her that he had "hit him," referring to the complaining witness; and the other, that the appellant had said that he had "licked him;" but the testimony of these witnesses did not justify the court in assuming throughout the instructions that the appellant had used force on the complaining witness. Whether he made the declarations referred to, was testimony which the jury had a right to weigh. As to the occurrence at the foot of the stairs, the complaining witness claims he was there struck and assaulted. This the appellant positively denies, and he testified that the injuries were caused by the complaining witness falling on the pavement.

The instructions were a comment on the evidence within the constitutional provision above referred to, and were not justified by the testimony of the appellant. The respondent claims that the error in the instructions is not now open to the appellant because no exceptions were taken thereto which were called to the attention of the trial court, relying upon the general rule in such cases. Where, however, the instructions invade a constitutional right of the accused, it is not necessary, in order to have such error reviewed, that an exception be taken and called to the attention of the trial court. *State v. Crotts,* 22 Wash. 245, 60 Pac. 403; *State v. Jackson,* 83 Wash. 514, 145 Pac. 470; *Eckhart v. Peterson,* 94 Wash. 379, 162 Pac. 551.

The judgment will be reversed and the cause remanded with instructions to the trial court to grant a new trial.

CHADWICK, C. J., MITCHELL, MACKINTOSH, and TOLMAN, JJ., concur.