[No. 39847. En Banc. October 9, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. BERNARD MOORE, *Appellant.**

*Robert L. Butler,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *George T. Mattson,* for respondent.

McGOVERN, J.—Defendant appeals from a judgment and sentence entered upon a jury verdict finding him guilty of assault in the second degree. The jury made a special finding that he was armed with a deadly weapon at the time of the offense.

February 4, 1967, defendant twice stabbed his victim, George Brooks. Using a butcher knife, he stabbed him in the abdomen and through the left hand. Witnesses for the state were the victim and an eyewitness who both testified to the event.

*Reported in 459 P.2d 643.

Defendant did not deny the assault but claimed that he had been drinking heavily that afternoon, had blacked out and had no recollection of what occurred in the apartment. He said he knew nothing about the incident or of Brooks' injury until he was told about it the next morning.

He further stated that he was 43 years of age with a 20-year history of problems brought on by his drinking. He said that he was hospitalized for chronic alcoholism in 1954, in 1958 and again in 1964; that he belonged to Alcoholics Anonymous for a period of time; that he had been jailed in excess of 30 times for drunkenness; and that he often blacked out when drinking. He also testified that he worked on the day in question, drank heavily after work, took a cab to his apartment, fell asleep in the cab, remembered the cab driver awakening him, but did not remember whether he paid the cab fare. He said that he had no recollection of what occurred during the remainder of the day.

His appeal is predicated upon a single assignment of error. He contends that instruction No. 8 as given by the court contained an incorrect statement of the law because it assumed that his act of knifing the victim was an intentional and voluntary act, the very thing he was trying to refute.

The pertinent part of that instruction reads as follows: "The court instructs the jury that the law presumes that every man intends the natural and probable consequences of his own acts." Because the court failed to qualify the word "acts" as necessarily "voluntary and intentional," defendant argues that the statement constituted a comment on the evidence in violation of Const. art. 4, § 16 and that he is therefore entitled to a new trial. The basis of his argument rests on our opinion in *State v. Peterson*, 73 Wn.2d 303, 438 P.2d 183 (1968) where the facts were somewhat similar. There the defendant was verbally and physically abused while attending a party. He left the party and later returned with a drawn pistol. After the ensuing argument had terminated, defendant's pistol discharged, and the victim was injured. Peterson contended that he was innocent

of the assault charge because the pistol discharged accidentally. While it was clear that Peterson possessed the ability to form the required intent, the question was whether or not he had done so. We reversed because the instructions as given permitted a conviction without the jury finding that the assault was the result of the defendant's voluntary act and deed.

■ The instructions here did not permit such a verdict. The cases are, therefore, distinguishable. Here the trial court's third instruction correctly advised the jury of the elements of second-degree assault that had to be proved in order to convict. Included was proof that "the defendant did willfully and unlawfully assault one George Brooks." And the term "willfully" was defined as "intentionally and purposely and not accidentally."

More similar to the case at hand are *State v. Alvis*, 70 Wn.2d 969, 425 P.2d 924 (1967) and *State v. Willis*, 67 Wn.2d 681, 409 P.2d 669 (1966).

In *Alvis*, the identical language excepted to here was included in an instruction that every man intends the natural and probable consequences of his own acts. No prejudicial error was found. There the defendant, armed with a gun, waited on the front porch of his home. When his wife appeared in the company of a Mr. Stone, defendant pointed the gun at her. Mr. Stone started toward the defendant, the gun discharged, and Mr. Stone was shot in the leg. Defendant alleged that he was under the influence of drugs at the time. There was no evidence of what the drugs were, what their effect might have been, or that they in any way affected the intellectual processes of the defendant. In the light of this evidence, or lack of it, the instruction did not become a critical factor in the case, and we found that defendant had been accorded a fair trial in the light of all instructions given.

In *Willis*, the instruction excepted to was similar to that in the instant case, but was held not to be erroneous when considered in conjunction with other instructions given and in light of all the circumstances and evidence. The court

held that, in the context of the case, the instruction had not prevented the defendant from having a fair trial.

Similarly, we find that the instructions as given here by the trial court were sufficiently clear and complete to the extent that defendant had a fair and constitutional jury trial.

 We also note from the record that defendant's trial counsel (different from appellate counsel) took exception to the questioned instruction solely on the basis that "if we start by only showing only [sic] one side of this intent, I think that this Instruction is too keyed." He thus failed to point out with sufficient particularity the grounds of his exception and thus failed to preserve the claim of error. *State v. Harris*, 62 Wn.2d 858, 385 P.2d 18 (1963); *State v. Lyskoski*, 47 Wn.2d 102, 287 P.2d 114 (1955); and *State v. Wilson*, 38 Wn.2d 593, 231 P.2d 288 (1951).

For the reasons stated, we affirm.

HUNTER, C. J., HILL, WEAVER, ROSELLINI, HAMILTON, HALE, and NEILL, JJ., concur.

FINLEY, J. (dissenting)—I cannot agree with the majority opinion and the comments therein regarding the instruction challenged by appellant in this appeal. *See State v. Willis*, 67 Wn.2d 681, 409 P.2d 669 (1966) (dissent).

We have hitherto indicated that such an instruction creates a denial of the right to jury trial. Furthermore, it is not necessary to a review of such an error that the ground of exception be called to the trial court's attention. *State v. Peterson*, 73 Wn.2d 303, 438 P.2d 183 (1968). If anything, the instruction used is even more questionable in this case than in the *Peterson* case. The assailant in that case had been struck and insulted, left a party and returned with a drawn pistol. An argument took place, and ended. The pistol then discharged, striking the victim. The defense was that the pistol had been discharged involuntarily. It was clear that the defendant in *Peterson* possessed the requisite ability to form the required intent. The question was *whether* he had done so. *State v. Alvis*, 70 Wn.2d 969, 425

P.2d 924 (1967), relied upon by the majority, is not in point. As noted by the majority, there was little or no evidence indicating that the defendant in *Alvis* lacked the ability to form the requisite intent.

The instant case is far more compelling, for the issue is not formation of the intent but possession of the capacity to form it. The instruction given removed that issue from the consideration of the jury. Considered in the context of this case, where the claim of incapacity resulted from extreme intoxication,[1] I believe that to underemphasize appellant's defense or to remove it from possible consideration by the jury would be an impermissible interference with appellant's right to a fair trial. The instruction assumes the very fact which appellant was trying to refute; namely, the instruction implicitly assumes that the act of knifing was in fact an intentional and voluntary act. As a leading treatise states:

> The presumption that the defendant intended the natural and probable consequences of his acts applies only when the defendant has voluntarily and intentionally committed the acts for the consequences of which he is later prosecuted.

1 R. Anderson, Wharton's Criminal Evidence, § 131, 244, (12th ed. 1955).

I think an interference with appellant's right to a fair trial was entirely too likely under the instruction, and that giving it constituted reversible error. I dissent for the reasons indicated.

---

[1] This conclusion becomes even stronger when, as a result of defendant's chronic alcoholism, there is serious question as to whether his intoxication itself was indeed voluntary. *See Seattle v. Hill,* 72 Wn.2d 786, 435 P.2d 692 (1967) (dissent).