THE STATE OF WASHINGTON, *Respondent,* v. WILLIS ISAAC
STOWERS *et al., Appellants.*

*M. Wayne Boyack,* for appellant Stowers (appointed counsel for appeal).

*Bovy, Graham, Cohen & Wampold* and *Thomas P. Graham III,* for appellant Kettells (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Jerry Brian Riess, Deputy,* for respondent.

FARRIS, J.—Mrs. Aileen Logan and her husband were the owners of a 1963 turquoise Chevrolet Impala automobile which was stolen from the Boeing parking lot on August 9, 1968. It was recovered and returned to the Logans several days later, intact, except that the ignition had been "punched out."

On August 10, 1968, three Seattle police officers observed a bluish-green Chevrolet automobile containing four men. When the car left the main road, the officers made a U-turn to investigate as the car matched the description of a car used in a burglary.

Within minutes they discovered the car parked and unoccupied on a narrow, dirt, dead-end road. Four men were observed walking up this road in the immediate vicinity of the automobile. One of the four was immediately identified as having been a passenger in the car. At the sight of the police car the four men turned and ran. The defendants Ronald Kettells and Willis Stowers were identified as two of the men on the road. Stowers was identified as an occupant of the front seat of the car. The ignition of the automobile was obviously punched.

The two defendants were tried together and convicted by a jury of taking and riding in a stolen vehicle knowing it to be stolen. Their appeals raise slightly different issues, but they are sufficiently similar to have been consolidated for argument to this court. This opinion considers both appeals.

Both appellants contend that the jury was improperly instructed on circumstantial evidence.

The court's instruction on circumstantial evidence stated as follows:

> Proof may consist of either direct or circumstantial evidence. Circumstantial evidence consists of the proof of circumstances from which ultimate material facts may be reasonably inferred.
>
> Where circumstantial evidence alone is depended upon for conviction, the circumstances *may* be consistent with guilt, consistent with each other, and inconsistent with any reasonable hypothesis of innocence.

(Italics ours.) Instruction 13.

■ The appellants, for the first time on appeal, argue that the use of the word "may" was error; that the more positive "must" should have been inserted in its place. We agree. *See State v. Slaughter,* 70 Wn.2d 935, 425 P.2d 876

(1967); *State v. Randecker,* 1 Wn. App. 834, 464 P.2d 447 (1970).

While the word "should" has been approved by the Supreme Court under certain circumstances, *State v. Redden,* 71 Wn.2d 147, 426 P.2d 854 (1967), "may" is so permissive that it renders the charge meaningless. The instruction, as given, was not appropriate.

■ The rule is clear; assignments of error based upon the giving or refusal of instructions to which no timely exceptions were taken will not be reviewed. *See State v. Louie,* 68 Wn.2d 304, 311, 413 P.2d 7 (1966) for collected cases:

> The importance of these rules of practice, which we have held to be mandatory and not directory, is apparent. Their purpose is to give to the trial court the benefit of the study and research of counsel, and to advise the trial court of the contentions of the respective parties as to the law or the facts, at a time when the court can, if it so desire, correct any error which it may feel it has made in its instructions.
>
> We have, with almost monotonous continuity, recognized this procedural requirement and adhered to the proposition that, absent obvious and manifest injustice, we will not review assignments of error based upon the giving or refusal of instructions to which no timely exceptions were taken. We are satisfied that the requirements of this procedural rule are constitutional, and we do not conceive that requiring reasonable adherence to the rule violates due process concepts, especially where it does not appear that an accused is thereby deprived of a fair trial. *Cf. Rhay v. Browder,* 342 F.2d 345 (9th Cir. 1965).

(Footnote omitted.)

This general rule is relaxed only where an instruction invades a constitutional right of the accused. *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968). Thus an instruction has been reviewed where it directs a verdict and deprives the defendant of his constitutional right to a jury trial; *State v. Robinson,* 2 Wn. App. 39, 466 P.2d 164 (1970); *State v. Peterson, supra;* or where the instruction consti-

tutes a comment on the evidence in violation of Const. art. 4, § 16, *State v. Warwick,* 105 Wash. 634, 178 P. 977 (1919).

While there was direct evidence that Stowers was a passenger in the car, there was only circumstantial evidence that Kettells was in the automobile. The finding that both defendants knew that the car was stolen was also based upon circumstantial evidence. A proper instruction on circumstantial evidence was indicated. Was the failure to give such instruction, in the absence of an exception to the instruction given, an invasion of a constitutional right of the accused?

The test was set forth by the Supreme Court in *State v. Louie, supra.* It must be shown that the instruction "prejudicially relieved the state of its burden and/or prejudicially deprived defendant of the benefit of having the jury pass upon a significant, crucial, and disputed issue."

Instructions are to be read and understood as a whole, not singly and disconnected as if each stood alone. *State v. Jackson,* 1 Wn. App. 90, 459 P.2d 414 (1969).

Both defendants argued to the trial court that instruction 13 was a correct statement of the law so far as it went. Their argument below was that it did not go far enough. We agree with their argument to this court that instruction 13 is not a proper instruction. We find, however, that it was not sufficient, when considered with the other instructions given, to deprive the defendants of their fundamental constitutional right to a fair and impartial trial. It did not prejudicially deprive either defendant of the benefit of having the jury pass upon a significant, crucial and disputed issue. Although neither appellant offered any evidence, they could and did argue to the jury under the instructions given that their presence on the road was a coincidence and their flight could have been caused by reasons other than guilt.[1]

---

[1] The instructions given charged the jury to convict only if the evidence established guilt beyond a reasonable doubt and to return a verdict of not guilty if the evidence or lack of evidence left a reasonable doubt as to the establishment of any element of the crime. Instructions 2, 3 and 12 sufficiently defined the state's burden of proof.

Kettells argues that the only evidence, circumstantial or otherwise, linking him to the crime was flight. The jury did not agree and neither do we. The jury was properly instructed on flight.

If you are convinced by the evidence in this case beyond a reasonable doubt, that the act alleged as the crime with which the defendant is here charged was in fact committed, and you further find that immediately or soon thereafter the defendant fled from the place where such act is alleged to have been committed, then the flight of the defendant is a circumstance to be considered by the jury, together with the other evidence in the case. It is not sufficient in itself to establish the guilt of the defendant, but its weight as evidence is a matter for the jury to determine in connection with all the other facts in the case.

Instruction 10.

Kettells argues that even if it can be inferred that he was a passenger in the car, it cannot be further inferred that he knew the car to be stolen, a necessary element of the crime. To do so would be to build an inference upon an inference. *State v. Weaver*, 60 Wn.2d 87, 371 P.2d 1006 (1962). This contention fails. We do not find that knowledge that the car was stolen is an unreasonable inference from the evidence.

A second assignment of error, as raised by defendant Kettells, challenges the sufficiency of the evidence used to convict. He argues that there was no evidence that the car found by the police was the car stolen from Aileen Logan and that there was insufficient evidence that he was a passenger in the car.

Aileen Logan testified that her turquoise 1963 Chevrolet Impala automobile, license No. ISN 247, had been stolen. The state unaccountably failed to introduce the best evidence (such as the motor number or even the license number from the police report) that the car found was the Logan vehicle. Nevertheless, there was sufficient direct evidence (color, year, model, date stolen and returned, punched ignition, etc.) to enable the jury to reasonably find that the car in question was in fact the Logan vehicle.

Finally, Kettells contends that the court erred in allowing the jury to consider whether the defendant had "taken" a motor vehicle, when no evidence was presented to that effect. There is no merit to this contention. *State v. Scott,* 64 Wn.2d 992, 395 P.2d 377 (1964); *State v. McCaskey,* 55 Wn.2d 329, 347 P.2d 895 (1959).

Affirmed.

JAMES, C. J., and SWANSON, J., concur.