[No. 209-2. Division Two. July 7, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM EDWARD MOORER, *Appellant*.

*H. John Aitken* and *Egger, Kennedy & Aitken*, for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Eugene Olson, Chief Criminal Deputy*, and *Joseph D. Mladinov, Special Counsel*, for respondent.

PEARSON, J.—On January 12, 1970, at about 9:30 p.m., the Tacoma Transmission Company, which is located near Pine

Street and South Tacoma Way, was robbed by two men. The defendant appeals from his conviction of participating in that robbery.

The victim of the robbery testified that two men entered the store and began talking to him about a transmission. After a short time, one of the men produced a pistol and the other asked for the cash box. After receiving it and ascertaining that there was no more money in the store, the men left. The victim could not identify either of the robbers, and so stated at trial, though he felt defendant looked something like one of the men. The police investigating officer stated that he believed the pistol used in the robbery to be a .38 caliber revolver from the description of it given by the victim.

A passing motorist and his mother testified that at about 9:30 p.m., they saw two men, one of whom carried something shiny, hurry to a car parked down the block from the transmission shop. The men, who the witnesses did not actually see leaving the scene of the robbery, got into the car, made a U-turn, and drove away quickly. The witnesses were able, however, to ascertain the license number, make, model and color of the car by following it to a stoplight. They reported this description to the Tacoma Police Department.

About 40 minutes later, the victim reported the robbery to the police. He stated that he had been so shaken by the occurrence that he had gone home before calling the police. Police patrols were alerted to watch for the car earlier described by the witnesses, which possibly contained people involved in a robbery.

At about 12:30 a.m. January 13, a police patrol saw the suspect car at 9th and Pacific Avenue in downtown Tacoma, some miles from the scene of the robbery. The car was stopped and found to contain four persons, the defendant and his girl friend, who were in the rear seat, and one Todd, who was driving, and his wife, who were in the front seat. The defendant and Todd, who has not appealed his conviction, were arrested, tried and convicted of robbery. A

.22 caliber revolver was found under the front seat on the passenger's side of the car, which was owned by the driver, Todd. The victim could not identify it as the gun used in the robbery, though he stated that it looked something like that gun. The cash box has never been recovered and no other evidence connects the defendant with the crime. The defendants testified that they had been elsewhere (not together) at the time of the robbery and that neither of them had any criminal record.

The sole assignment of error in this appeal raises the issue of whether, in the circumstances of this case, the giving of instruction 9 relating to circumstantial evidence, requires reversal of defendant's conviction. The critical paragraph of instruction 9[1] reads:

A conclusion based upon circumstantial evidence depends upon your belief as to whether such a conclusion reasonably results or is naturally inferable from the physical facts and other circumstances that have been proven. The facts and circumstances relied upon *should* be consistent with each other and with the guilt of the defendants. They *should* be inconsistent with any reasonable theory of innocence. They *should* be of such character to exclude every hypothesis other than that of guilt.

(Italics ours.)

---

[1]The whole instruction reads: "Any fact or issue may be proved either by direct or by circumstantial evidence. Both classes of proof are equally competent and legal. The only difference between them is that direct evidence is produced by witnesses testifying directly from their personal observation, while circumstantial evidence is proof of certain facts and circumstances, from which the jury may infer the existence of other facts which, according to the common experience of mankind, usually and reasonably accompany the facts proven.

"A conclusion based upon direct evidence depends upon your belief in the truthfulness and accuracy of observation of the witness testifying to the fact observed.

"A conclusion based upon circumstantial evidence depends upon your belief as to whether such a conclusion reasonably results or is naturally inferable from the physical facts and other circumstances that have been proven. The facts and circumstances relied upon should be consistent with each other and with the guilt of the defendants. They should be inconsistent with any reasonable theory of innocence. They should be of such character to exclude every hypothesis other than that of guilt."

 We hold that in the circumstances of this case, the giving of this instruction was such plain and egregious error as to compel reversal of the conviction of this defendant, despite the failure of trial counsel to take timely exception to the giving thereof.

Several reasons compel us to reach this result. First, this is a case that rests entirely on circumstantial evidence, as to defendant Moorer. The defendant is connected to the crime by the weak thread of being found in a car seen near the scene of a robbery 3 hours before. Two people participated in the crime and were seen leaving the vicinity of the robbery in this car. Even if the car was the same one, the direct proof establishes that at least two passengers had been added during the 3-hour lapse of time. It is perfectly plausible that the defendant Moorer also entered the car at some time between the robbery and arrest. Indeed, he so testified, saying he had been at his father's house with a lady known only as "Dorothy" from 8:30 to about 10:30 p.m. The victim's testimony also fails to link the defendant with the crime. The statement that a person looks something like the perpetrator of a crime is hardly evidence. This is especially true where the same witness categorically stated he could not identify the persons who robbed him.

We think that the complete lack of a direct link between the defendant and the crime distinguishes this case from others decided in Washington appellate courts. In *State v. Redden,* 71 Wn.2d 147, 426 P.2d 854 (1967), the limited use of the word "should" rather than the word "must" in a circumstantial evidence instruction was allowed. However, the court specifically noted that in a case where the state relies completely on circumstantial evidence, the use of "must" in the instruction is mandatory. In *Redden,* an accomplice testified that she, Redden, and three other persons had undertaken the robbery of a restaurant. She also testified that Redden and another of the robbers had passed a gun back and forth between them. While she and Redden had not participated directly in the robbery, they shared in

the receipts and aided in the planning. We think that the direct testimony that Redden aided and abetted the robbery is sufficient to distinguish the result there from the instant case. Here, the state did rely solely on circumstantial evidence.

In the case of *State v. Stowers*, 2 Wn. App. 868, 471 P.2d 115 (1970) the conviction of the appellant was affirmed despite the use of the word "may" rather than the word "must" in a circumstantial evidence instruction. No exception was taken to this instruction, as is true in the instant case. However, in *Stowers*, the Court of Appeals, after condemning the instruction as inappropriate, went on to state the direct evidence that linked Stowers to the crime. Stowers was accused of the theft of an automobile. The police saw a car which had been seen near a burglary and which had been stolen, and turned to follow it. Four men were in the car. Moments later, the car was discovered on a dead-end road. When they saw the officers, all former occupants ran. Stowers was identified as having been one of the occupants of the car and also as having been one of the people on the road. The court stated that under these facts, the giving of the defective instruction did not present a situation of such an obvious and manifest injustice that the error would be considered, even though proper exception was not taken at trial. In addition, the court notes that other instructions partially remedied the error by better stating the proper law regarding burden of proof in a criminal case.

In the instant case, neither of the saving graces found in *Stowers* is present. The case is one purely based on circumstantial evidence, as we have already discussed. Secondly, the other instructions compound, rather than cure the error present in the circumstantial evidence instruction. Other instructions, which we set out in the margin,[2] are decidedly slanted. We have commented before on these same instruc-

[2]Instruction 3: "The State of Washington by this Information charges the defendants with the commission of a crime. The crime is defined by

tions and we wish to reiterate all that we said then. *State v. Ferguson*, 3 Wn. App. 898, 479 P.2d 114 (1970). We note that the trial of this case preceded the filing of our decision in *State v. Ferguson, supra.*

We think that under the total circumstances of this case, the defendant was denied a fair trial under due process of law when the challenged instruction was given. In a case in which no direct evidence links the defendant with the crime, and in which other slanted instructions compounded rather than cured the assigned error, we think that it would be fundamentally unjust to deny the defendant a trial by a properly instructed jury. Circumstantial evidence is the sole basis of the state's case. The keystone of the instructions thus becomes the instruction under which the jury was to consider such evidence. We hold that the use of "should" rather than "must" in the circumstances of this case did the defendant an obvious, manifest injustice. *See State v. Louie*, 68 Wn.2d 304, 413 P.2d 7 (1966), which

---

law as an act of omission prohibited by public law for the protection of the public, and made punishable by the State in a judicial proceeding in its own name. It is a public wrong as distinguished from a mere private wrong.

"The object of all criminal proceedings is the protection of society against the wrongdoer.

"A person charged with a crime is accorded certain constitutional rights and privileges regarding which I will hereinafter instruct you. These constitutional rights, privileges, and guarantees you will observe and apply. These constitutional guarantees and privileges are intended for the protection of an innocent man and not for the purpose of aiding the guilty to escape.

"You are here as a component part of the court in the administration of justice. Of this fact you must not lose sight."

Instruction 4: "The rule of law, which clothes every person charged with crime with the presumption of innocence and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid any person who is in fact guilty of crime to escape, but it is a humane provision of the law intended, so far as human agencies can, to guard against the danger of any innocent person being unjustly punished."

258

requires reversal of the conviction, despite the failure to take proper exception to the instruction.

Reversed and remanded.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied August 31, 1971.

Review denied by Supreme Court October 15, 1971.