[No. 1616-2.    Division Two.    May 29, 1975.]

THE STATE OF WASHINGTON, *Appellant*, v. HARVEY G. PEGG, *Respondent*.

*Henry R. Dunn, Prosecuting Attorney,* and *Robert H. Falkenstein, Deputy,* for appellant.

*Mark F. Andrews, Jr.* (of *Calbom, Cox, Andrews & Hamm*), for respondent.

LEAHY, A.C.J.*—This is an appeal by the State from an order of dismissal and from an order suppressing evidence, both entered on the same date.

The determinative question in this appeal is: Should the appeal be dismissed because of the failure of the State to set forth the alleged errors of the trial court as "assignments of error" in its appellant's brief?

The State acknowledges that in this case there has been a complete failure to comply with the rules as set forth below. Appellant's brief simply does not contain any assignments of error. CAROA 43 provides in pertinent part, as follows:

> *No alleged error of the superior court will be considered, unless the same be definitely pointed out in the "assignments of error" in appellant's brief. In appeals*

---

*Judge Lawrence Leahy is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

from all actions at law or in equity tried to the court without a jury, the findings of facts made by the court will be accepted as the established facts in the case unless error is assigned thereto. No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous shall be set out verbatim in the brief.

(Italics ours.)

CAROA 42 (g) (1) (iii) provides in pertinent part as follows:

(g) **Contents.** In addition to the title and/or cover pages, briefs for the regular appeal calendar shall consist of the following subdivisions, titled with distinctive type and in the order indicated:

(1) *Appellant's or Petitioner's Opening Brief.*

. . .

(iii) Assignments of error. Each error relied upon shall be clearly pointed out and discussed under appropriately designed headings. Where there are several errors relied on which present the same general questions, they may be discussed together. . . .. Whenever error is assigned to any finding or findings of fact, so much of the finding or findings made or refused as is claimed to be erroneous, shall be set out verbatim in the brief and reference made thereto by number of the "assignments of error."

Strict compliance with these rules is required, in appeals of this nature.

In *Johnson v. Johnson*, 1 Wn. App. 527, 529, 462 P.2d 956 (1969), this court cites *Paulson v. Higgins*, 43 Wn.2d 81, 83, 260 P.2d 318 (1953), in which our Supreme Court stated:

We must either enforce the rule or abandon it. Its necessity has a long background of experience, and it was promulgated in aid of expeditious and orderly appellate procedure."

. . .

If there is to be a rule, there must be a point at which failure to comply therewith can no longer be corrected. That point is the filing of respondent's brief.

There is an exception to the above strict compliance rule,

and that is in an appeal where a defendant's constitutionally guaranteed rights are involved. *See State v. Butler*, 9 Wn. App. 347, 513 P.2d 67 (1973); *see also State v. Peterson*, 73 Wn.2d 303, 438 P.2d 183 (1968).

There is no question of a defendant's guaranteed constitutional rights involved here. The State is the appellant.

This appeal is hereby dismissed on the motion of this court.

JOHNSON and RUMMEL, JJ. Pro Tem., concur.

Petition for rehearing denied July 22, 1975.