IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 37474-2-III |
| CYNTHIA CERVANTES, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSE GONZALES CERVANTES, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Jose Cervantes appeals an interlocutory order for incarceration because of his contempt in failure to pay child support and spousal maintenance. Because Jose, in his brief, only complains about and analyzes another order not appealed and because Jose breaches critical Rules on Appellate Procedure, we dismiss his appeal without reaching the merits.

FACTS

Jose Cervantes and Cynthia Cervantes married on December 10, 1986, in Prosser. At the time of dissolution, the parties had one fifteen-year-old son. We sometimes refer to the parties with their first names because of the same surname.

The principal dispute during this proceeding entails the amount of income garnered by Jose Cervantes in his nursery business. That income influences the amount of child support and spousal maintenance to be paid by Jose.

In response to a request by Jose to lower his child support and spousal maintenance payments, Cynthia filed a pleading entitled "Analysis of Jose Cervantes Bank Accounts Received via Subpoena." Clerk's Papers (CP) at 291-97. We do not know the author of the analysis, but the author may have been a forensic accountant. The document analyzed Jose's accounts and concluded that, between July 2017 and January 2018, Jose had an income of $1,648,344.34 or $235,477.76 per month over seven months. In turn, Cynthia provided a financial declaration, indicating that her net monthly income was $1,570.68.

In support of his motion to reduce support and maintenance, Jose Cervantes filed a declaration by accountant, Nathan Bridges, CPA. Bridges declared that, in 2018, Jose collected $375,800 from farmers for baby trees he would deliver to them in 2019. Bridges did not categorize this money as income. According to Bridges:

> This is not income to Mr. Cervantes until he actually delivers the trees. These are actually pre-payments and are a liability to Mr. Cervantes until he delivers.

CP at 304. Bridges explained that Jose used $350,000 of the $375,800 in prepayments to retire his house mortgage:

> So in essence, Mr. Cervantes traded one debt for another. It is incorrect to categorize the $350,000 paid on the home as income.

CP at 304.

According to CPA Nathan Bridges, Jose Cervantes handled $732,116 in cash during 2018, including the $375,800 in prepayments and another $86,500 in loans. Bridges averred that Jose earned $244,028 from the sale of his nursery tree stock, $10,000 from selling a truck, and $15,789 in wages from employment at Egley's. After expenses, Jose netted $46,171.

PROCEDURE

On September 26, 2017, Cynthia Cervantes filed for dissolution of marriage. Cynthia thereafter sought an award of temporary spousal maintenance and child support. On August 23, 2018, the superior court commissioner entered a temporary family law order. The order required Jose Cervantes to pay $10,000 per month in family support to Cynthia. According to the order, family support constituted a combination of spousal maintenance and child support. The court commissioner also ordered Jose to pay, to Cynthia, $10,000 for attorney fees and $20,000 for an accountant to review the couple's financial records.

On December 18, 2018, Jose Cervantes filed a motion to eliminate or reduce his support and maintenance obligation. To support his motion, Jose filed an accompanying declaration, averring that he could not pay $10,000 a month in family support particularly when he needed to pay, on behalf of his wife, $10,000 in attorney fees and $20,000 in expert fees.

3

No. 37474-2-III
*In re Marriage of Cervantes*

On February 14, 2019, the court commissioner denied Jose Cervantes' motion to eliminate or reduce family support. The commissioner found that Jose's business is cash-based and should be considered on a cash basis. Therefore, the commissioner counted Jose's advance for the 2019 trees in 2018 as income. The commissioner calculated Jose's net annual income at $645,616 and his net monthly income at $29,535, although $29,535 multiplied by 12 equals $354,420. The court commissioner found Jose Cervantes to be in contempt of the previous order awarding to Cynthia child support and maintenance. The commissioner entered the following written findings, some of which are conclusions of law or orders:

> 1) The court finds Mr. Cervantes [sic] income at $29,535.00 per month, based on his expert analysis
> 2) Mr. Cervantes was able to pay family support & refusal to pay was made in bad faith
> 3) Mr. Cervantes dodged his obligation
> 4) Mr. Cervantes [sic] request to reduce family support is denied
> 5) Mr. Cervantes shall pay wifes [sic] expert $20,000.00 within 60 days per the courts [sic] August 23, 2018 order
> 6) Mr. Cervantes shall pay $10,000 as ordered each month plus an additional $5,000.00 per month toward the back $38,800.00
> 7) Mr. Cervantes shall pay the $11,500.00 in attorneys fees within 60 days. 1/2 due in 30 days 1/2 due in 60 days
> 8) Contempt can be purged by paying $5,000.00 per month toward back support per paragraph 6.

CP at 317-18.

On February 19, 2019, Jose Cervantes filed a motion requesting the superior court to revise the court commissioner's order regarding contempt and requesting the

4

eliminating or reducing of family support. Jose challenged the commissioner's classification of the $375,800 advance as income. On March 19, 2019, Jose submitted another declaration, averring that he used $350,000 of the $375,800 advance to retire the debt on his house, which was then in foreclosure.

On March 21, 2019, the superior court denied Jose Cervantes' motion for revision. The court adopted verbatim the court commissioner's findings of fact and conclusions of law.

On September 19, 2019, the court commissioner entered an order finding Jose Cervantes in contempt because he acted in bad faith when failing to comply with the court's order on payment of family support and his wife's attorney fees. The commissioner entered another contempt order on December 9, 2019. The new order required Jose to pay $40,000 in arrears at $700 per week in addition to paying his monthly obligations.

On January 30, 2020, the court commissioner, pursuant to Jose Cervantes' failure to comply with the two contempt orders on September 19 and December 9, 2019, ordered Jose to jail. The incarceration order required Jose to present himself to the Yakima County Jail immediately after the January 30 hearing to be taken into custody for not more than five consecutive days. He could purge the contempt and procure his release by paying the arrearages.

On March 2, 2020, Jose Cervantes filed a notice of appeal of the January 30, 2020 interlocutory order for incarceration. Instead of preparing a concise notice of appeal as contemplated by RAP 5.3, Jose included argument in support of the merits of his appeal. Jose argued that his attorneys never obtained his consent for a court commissioner to preside over hearings and that a jury, not the commissioner, must find him in contempt. He contended that the malpractice of his four successive attorneys denied him due process of the law. Jose also wrote:

> 3. The amount of 10,000 a month is [sic] spousal support is not intelligent and it is not based upon the real income of the Defendant and it is a detriment to the Defendant in that he is unable to pay that amount and has had to borrow money to pay the amount over the year or so that the orders have been in place without any opportunity to appeal.
> 3. [sic] The income of the Defendant is such that it cannot support a ten thousand dollar a month payment to his ex-wife where Yakima is considered to be a low income community where the median income is less than 12,000 a year and yet the Commissioner, [sic] has, based upon the spurious statements of the opposing counsel, stated that the Defendant must pay the amount of 10,000 a month where there is just not income to provide and support such an amount.

CP at 520-21.

Jose Cervantes' notice of appeal does not appeal the superior court's March 21, 2019 order denying revision of the court commissioner's order finding contempt and denying Jose's motion to eliminate or reduce family support. Nevertheless, Jose's entire argument on appeal surrounds the superior court's denial of his revision motion. Jose failed to attach the January 30 order, from which he appealed, in violation of RAP 5.3(a).

LAW AND ANALYSIS

Appellate Rules

We decline to reach the merits of Jose Cervantes' appeal for numerous reasons. First, Jose fails to list any assignments of error in his opening brief. Second, Jose fails to assign error to any findings of fact entered by the superior court commissioner or the superior court judge, so that the facts on which the court commissioner and the superior court based decisions constitute verities on appeal. Third, Jose devotes his entire brief to complaining that the superior court rubber stamped the court commissioner's ruling, on February 14, 2019, that denied his motion to reduce family support and that held him in contempt. Nevertheless, Jose did not appeal the March 21, 2019 ruling by the superior court denying the motion to revise the court commissioner's ruling.

In his opening brief, Jose Cervantes assigns no errors to the superior court judge's or the court commissioner's rulings. He further fails to list issues pertaining to assignments of error. RAP 10.3 declares in part:

> (a) Brief of Appellant or Petitioner. The brief of the appellant or petitioner should contain under appropriate headings and in the order here indicated:
> . . . .
> (4) Assignments of Error. A separate concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error.

(Boldface and italics omitted.) This reviewing court may dismiss the appeal when the appellant fails to list the alleged errors of the trial court as "'assignments of error'" in the

appellant brief. *State v. Pegg*, 13 Wn. App. 583, 583, 536 P.2d 171 (1975). We reject

Jose's appeal for this reason alone.

Because he assigns no errors, Jose Cervantes fails to assign error to any findings

of fact entered by the court commissioner or the superior court judge. RAP 10.3(g)

declares, in relevant part:

> A separate assignment of error for *each finding of fact* a party
> contends was improperly made must be included with reference to the
> finding by number. The appellate court will only review a claimed error
> which is included in an assignment of error or clearly disclosed in the
> associated issue pertaining thereto.

(Emphasis added.) Unchallenged findings are verities on appeal. *In re Marriage of*

*Drlik*, 121 Wn. App. 269, 275, 87 P.3d 1192 (2004). For this additional reason, we deny

Jose's appeal.

Despite appealing the January 30, 2020 order for incarceration, Jose Cervantes

devotes no argument or analysis in his opening brief critical to the order. Jose argues that

the superior court, when denying the motion for revision, erred by failing to

independently assess the strength of Jose's arguments for eliminating or reducing family

support. Jose contends that the superior court abused its discretion by merely rubber-

stamping the court commissioner's findings, which findings were unsupported by the

record. Jose maintains that the court commissioner incorrectly found the $375,800 of

prepayments he received in 2018 to be income, rather than a liability. Thus, the court

commissioner overcalculated his imputed monthly income at $29,535.

Cynthia Cervantes asserts that Jose Cervantes' appeal of the court commissioner's January 30, 2020 order for incarceration does not allow this court to review the March 21, 2019 superior court order denying revision of the court commissioner's February 14, 2019 order denying a reduction in child support and spousal maintenance and holding Jose in contempt. Cynthia contends that RAP 2.4(b) controls this contention and that, under the rule, the March 21, 2019 order did not prejudicially affect the January 30, 2020 order for incarceration.

Jose Cervantes does not deny that his notice of appeal failed to appeal the March 2019 order denying revision. Jose argues that RAP 2.4(b), nonetheless, permits this court to review his challenge to the order denying revision, because that order prejudicially affected the later January 30, 2020 incarceration order.

RAP 2.4(b) requires this court to review orders not designated in an appellant's notice of appeal under only limited circumstances. The rule states, in relevant part:

> The appellate court will review a trial court order or ruling not designated in the notice, including an appealable order, if (1) the order or ruling prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review.

The superior court entered the March 21, 2019 order denying revision before this court accepted review. Thus, we must inquire whether the 2019 order prejudicially affected the subsequent January 30, 2020 incarceration order.

9

As Cynthia Cervantes argues, the court commissioner did not rely on the order denying revision when entering the incarceration order. Rather, the commissioner relied on the contempt orders, entered on September 19 and December 9, 2019, and entered after the order denying revision. Therefore, if the court commissioner had miscalculated Jose's net monthly income for the purposes of family support, the contempt orders, not the order denying revision, would have prejudicially affected the incarceration order. As with the order denying revision, however, Jose has not appealed either contempt order. Moreover, Jose does not argue on appeal that this court should review the contempt orders pursuant to RAP 2.4(b). For this third reason, we reject a review of the merits of Jose's appeal and dismiss the appeal with prejudice.

Attorney Fees

Cynthia Cervantes requests attorney fees on appeal pursuant RCW 26.09.140, because Jose Cervantes has the means to pay and she has the need for assistance. Alternatively, she requests attorney fees under RAP 18.9(a) on the ground that Jose's appeal is frivolous. Jose replies that Cynthia is not entitled to attorney fees on either ground, but he only provides argument against his appeal being frivolous.

We have reviewed Cynthia Cervantes' financial declaration. Based on the declaration, we find that Jose possesses the ability to pay and Cynthia a need for assistance. Therefore, we grant reasonable attorney fees and costs on the basis of RCW 26.09.140.

We find Jose Cervantes' appeal frivolous because he fails to follow at least three critical appellate rules. This failure was critical to a successful appeal. We thereby grant Cynthia reasonable attorney fees and costs on appeal also because of the frivolous nature of the appeal.

CONCLUSION

We reject Jose Cervantes' appeal because of the failure to follow important Rules of Appellate Procedure. We grant Cynthia Cervantes an award of reasonable attorney fees and costs on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Staab, J.

11

No. 37474-2-III

SIDDOWAY, A.C.J. (concurring) — For the procedural reasons explained by the majority, I agree that Mr. Cervantes' appeal should be dismissed.  In the future, he should find a way to hire a lawyer.

I write separately to express concern with the concept adopted by the trial court that because Mr. Cervantes' problems with creditors have caused him to conduct his business using cash and cashier's checks, the unearned prepayments he receives are therefore "income."  Even for individuals who are permitted to rely on cash basis accounting for tax purposes, it is not the case that all cash received is automatically income.

I realize that the lack of typical financial records creates a tremendously difficult situation for the trial court.  But the seemingly simple solution of treating all cash received as income invites the need for modification and wild swings in child support and spousal maintenance in the future.  Fairness would require the courts and Ms. Cervantes to apply the premise consistently: if cash received (divorced from proper accounting treatment) will all be treated as income, then cash out (divorced from proper accounting treatment) should all be treated as expense.  And when cash flow changes direction, Mr. Cervantes would appear to be entitled to a modification—potentially a dramatic modification—based on substantially changed circumstances.

No. 37474-2-III
*In re Marriage of Cervantes*

It would require more effort in the short-term, but making the effort to accurately characterize Mr. Cervantes' income would provide stability that should be important to both parties.

_____
Siddoway, A.C.J.

I CONCUR:

_____
Fearing, J.