[No. 62646-4.   En Banc.   February 29, 1996.]
THE STATE OF WASHINGTON, *Respondent*, v. JOHN L. DEAL, *Petitioner*.

694

*John G. Ziegler*, for petitioner.

*Steven M. Lowe, Prosecuting Attorney*, and *Natalie S. Troyer, Deputy*, for respondent.

ALEXANDER, J. — This court granted review of a decision of the Court of Appeals, Division Three, in which that court affirmed John L. Deal's conviction on a charge of first degree burglary. Deal contends here, as he did at the

Court of Appeals, that the Franklin County Superior Court erred in instructing the jury that it could infer that Deal acted with criminal intent to commit a crime against a person or property, unless he explained with satisfactory evidence why his unlawful entry or remaining in a building was done without criminal intent. Deal asserts that the jury instruction is flawed because it created a mandatory presumption which partially relieved the State of its duty to prove all of the elements of the charged crime and improperly shifted the burden of persuasion from the State to him. He also argues that the jury instruction violated Article IV, Section 16 of the Washington State Constitution, in that it constituted a comment by the trial court on the evidence presented at trial. Although we agree with Deal, in part, we nevertheless affirm his conviction, concluding that the instructional error was harmless.

Gerald John Prins had frequently visited the Tri-Cities prior to the summer of 1992. On one of those visits to that area, he met Lori Deal, an employee at a restaurant in Pasco that was owned by Jack Carr. In July 1992, Lori Deal separated from her husband, the Defendant John L. Deal. Divorce proceedings were thereafter commenced and the Deals remained separated throughout all times material to this case.

In August 1992, Prins came to Pasco in order to help Jack Carr harvest his potato crop. While there, Prins stayed at Carr's guesthouse.

On September 12, 1992, Prins and Lori Deal went out for dinner with some friends. After dinner, Prins and Lori Deal accompanied some members of their party to a club in Kennewick, which was also owned by Carr. After Carr noticed that John Deal was also in the club, he suggested to Prins and Lori Deal that they should leave the establishment in order to avoid a "bad situation." Verbatim Report of Proceedings at 80. Prins and Lori Deal took Carr's suggestion and returned to Carr's guesthouse. Soon thereaf-

ter, John Deal appeared at the guesthouse and repeatedly kicked the door in an apparent effort to gain entry. Eventually, Deal picked up a wagon wheel and twice threw it against a window in the door. Deal then reached his arm through the now broken window, opened the door, and walked into the guesthouse where he assaulted Prins for approximately 15 to 20 minutes. He then left.

Deal was subsequently charged in Franklin County Superior Court with first degree burglary. At the ensuing jury trial, he admitted that he kicked the door of the guesthouse several times and that he broke the window in the door in order to gain entry to the residence. Deal also admitted that after entering the house, he remained there and assaulted Prins.

At the close of the trial, the trial court gave the jury the following jury instruction:

> A person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein *unless such entering or remaining shall be explained by evidence satisfactory to the jury to have been made without such criminal intent.* This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given.

Instruction 9, Clerk's Papers at 37 (emphasis ours). Deal's trial counsel did not except to the giving of this instruction. The jury found Deal guilty of the charge and he was sentenced to serve 23 months in prison. He appealed to the Court of Appeals, Division Three, which affirmed his conviction. We thereafter granted his petition for review.

I

■ Deal assails the above jury instruction on several

bases.[1] We address each of his contentions, despite the fact that Deal failed to except at trial to the giving of the instruction. Although such a failure ordinarily forecloses a claim on appeal that it was error for the trial court to give the jury instruction, we will address the assignment of error because it is apparent that each of Deal's attacks on the challenged instruction are based upon constitutional grounds. Issues of constitutional magnitude may be raised for the first time on appeal. *State v. Peterson*, 73 Wn.2d 303, 306, 438 P.2d 183 (1968).

## A

Deal argues first that the portion of the challenged instruction that precedes the word "unless" violates the due process clause of the Fourteenth Amendment of the United States Constitution, in that it allowed the jury to infer one element of first degree burglary (intent to commit a crime) from an unrelated element (unlawfully remaining in a building), thus, partially relieving the State of its obligation to prove all of the elements of the charged crime.[2]

■ Due process requires the State to bear the "burden of persuasion beyond a reasonable doubt of every essential element of a crime." *State v. Hanna*, 123 Wn.2d 704, 710, 871 P.2d 135 (quoting *Francis v. Franklin*, 471 U.S. 307, 313, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985)), *cert. denied*, 115 S. Ct. 299 (1994); *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Here, because Deal was charged with first degree burglary, it was incumbent on the State to prove all of the elements of that offense. Those elements are set forth in RCW 9A.52.020(1), as follows:

[1]The challenged instruction is identical to a pattern jury instruction, WPIC 60.05. 11A *Washington Practice Washington Pattern Jury Instructions: Criminal* § 60.05 (2d ed. 1994). The pattern instruction is based on RCW 9A.52.040, which reads as follows: "In any prosecution for burglary, any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein, unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent."

[2]Deal does not contend that this instruction violates Article I, Section 7 of the Washington State Constitution.

A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the dwelling or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person therein.

■ The State may use evidentiary devices, such as presumptions and inferences, to assist it in meeting its burden of proof. *Hanna,* 123 Wn.2d at 710. These devices generally fall into one of two categories: mandatory presumptions (the jury is *required* to find a presumed fact from a proven fact) and permissive inferences (the jury is *permitted* to find a presumed fact from a proven fact but is not required to do so). *See Hanna,* 123 Wn.2d at 710. Mandatory presumptions potentially create due process problems. Indeed, they run afoul of a defendant's due process rights if they serve to relieve the State of its obligation to prove all of the elements of the crime charged. *Sandstrom v. Montana,* 442 U.S. 510, 523-24, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979). Permissive inferences, on the other hand, do not necessarily relieve the State of its burden of persuasion because the State is still required to persuade the jury that the proposed inference should follow from the proven facts. *Hanna,* 123 Wn.2d at 710.

■ ■ We must first determine if the portion of the instruction preceding the word "unless" creates a mandatory presumption or a permissive inference. Significantly, this court recently reviewed a jury instruction that was identical to that portion of the challenged jury instruction. In *State v. Brunson,* 128 Wn.2d 98, 905 P.2d 346 (1995), we held that it was not error for the trial court to give such an instruction because it created a constitutionally valid permissive inference.[3] We also held in *Brunson,*

---

[3]The jury instruction we reviewed in *Brunson* read as follows:

"A person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein. This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given." *State v. Brunson,* 128 Wn.2d at 101.

that when permissive inferences are only part of the State's proof supporting an element and not the "sole and sufficient" proof of such element, due process is not offended if the prosecution shows that the inference more likely than not flows from the proven fact.[4] *Brunson,* 128 Wn.2d at 107. We are not inclined to abandon that holding here. *See also State v. Jackson,* 112 Wn.2d 867, 875, 774 P.2d 1211 (1989).

Deal asserts that even under the lesser standard, the State failed to prove that a necessary element of the charged crime, Deal's intent to commit a crime against a person or property, more likely than not flowed from his unlawful presence at Prins's residence. We disagree, being satisfied that the more likely than not standard was met. We reach that conclusion because the permissive inference contained in the challenged jury instruction was not the sole and sufficient evidence of Deal's intent. As we have observed above, Deal testified at trial that he broke a window in order to enter the premises, and that once inside, repeatedly assaulted Prins. In our judgment, the acts which Deal admitted amply support a conclusion that it was more likely than not that Deal intended to commit a crime against Prins during the time he remained unlawfully on the premises.

## B

Deal's next contention has considerably more merit. He argues that the portion of the challenged instruction that states "unless such entering or remaining shall be explained by evidence satisfactory to the jury to have been made without such criminal intent" created a mandatory presumption which improperly shifted the burden of persuasion to him. Instruction 9, Clerk's Papers at 37.

---

[4]The United States Supreme Court has indicated that when an inference is the "sole and sufficient" proof of an element, the prosecution may be required to prove that the inferred fact flows from the proved fact beyond a reasonable doubt. *County Court of Ulster County v. Allen,* 442 U.S. 140, 167, 99 S. Ct. 2213, 60 L. Ed. 2d 777 (1979).

■ ■ As previously noted, mandatory presumptions create due process problems if they relieve the State of its responsibility to prove all elements of the crime charged beyond a reasonable doubt. *Brunson*, slip op. at 10. The standard for determining whether a jury instruction creates a mandatory or permissive presumption is whether a reasonable juror might interpret the presumption as mandatory. *Sandstrom*, 442 U.S. at 519. The constitutionality of mandatory presumptions is examined in light of the jury instructions read as a whole to make sure that the burden of the persuasion on any element of the crime does not shift to the defendant. *Hanna*, 123 Wn.2d at 710. The burden of persuasion is deemed to be shifted if the trier of fact is required to draw a certain inference upon the failure of the defendant to prove by some quantum of evidence that the inference should not be drawn. *Sandstrom*, 442 U.S. at 517.

■ The portion of the instruction we are focusing on in this part of the opinion has the vice identified in *Sandstrom*, in that it essentially requires the Defendant to either introduce evidence sufficient to rebut the inference that he remained on the premises with intent to commit a crime, or concede that element of the crime. In other words, a reasonable juror could have concluded that once Deal's presence on the premises was shown, a finding that he intended to commit a crime was compelled, absent a satisfactory explanation by Deal as to why he was on the premises. This had the effect of relieving the State of its burden of proving beyond a reasonable doubt the element of intent to commit a crime and, therefore, violated Deal's due process rights.

The problem discussed above is not, as the State suggests, mitigated by the last sentence of the jury instruction, which reads: "This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given." Instruction 9, Clerk's Papers at 37. In our judgment, that additional language does not eliminate the possibility that a reasonable juror could

have concluded that a finding of intent to commit a crime was required unless Deal proved otherwise.

We are not unmindful of the fact that we have previously held that the clause following "unless" in the challenged instruction is a production-shifting presumption which, although "rarely necessary and usually ill advised," may be submitted to a jury when the defendant produces evidence on the issue of his or her intent in his or her case in chief. *State v. Johnson*, 100 Wn.2d 607, 617-20, 674 P.2d 145 (1983); *accord State v. Bergeron*, 105 Wn.2d 1, 19, 711 P.2d 1000 (1985).

The distinction between production-shifting and persuasion-shifting presumptions is not helpful in this case.[5] The "unless" clause in the instruction here did not require Deal to merely produce some evidence, but rather it required him to produce "evidence satisfactory to the jury" that he entered the premises without criminal intent. WPIC 60.05. In our judgment, that language could have led a reasonable juror to understand that the burden of persuasion had shifted to Deal. That danger, in our view, did not disappear simply because Deal presented evidence that showed he did not have criminal intent.

Hearkening back to *Johnson*, we observe again that it is unnecessary to include this sort of language in such a jury instruction. Without the language, the instruction permits but does not require jurors to infer criminal intent from unlawful presence. The jury needs no further instruction on that issue because if a defendant is able to credibly explain his unlawful presence on premises, the jurors, as

---

[5]In *Johnson*, we indicated that mandatory presumptions fall into two categories: "persuasion-shifting" presumptions that require a trier of fact to draw an inference unless a defendant by some quantum of evidence proves otherwise and "production-shifting" presumptions that require a trier of fact to draw an inference unless the defendant produces some evidence to the contrary. *Johnson*, 100 Wn.2d at 615. We cautioned, however, that any mandatory presumption could create constitutional concerns in that the State might be relieved of proving every element of the crime charged. We also observed that such a presumption "may also place undue pressure" on a defendant to relinquish his right to remain silent and when those constitutional concerns are operative, production-shifting presumptions are impermissible. *Johnson*, 100 Wn.2d at 617.

the instruction permits them to do, may simply reject the inferred conclusion of criminal intent.

Because the latter clause in the challenged jury instruction impermissibly shifted the burden of persuasion to Deal, it was error for the trial court to give it. The fact that the instruction is based on a statute, RCW 9A.52.040, does not lessen the violation of the Defendant's due process rights.

## II

The State asserts that even if the instruction in this case wrongly shifted the burden of persuasion to the Defendant, the error was harmless. A constitutional error is harmless if the reviewing court is convinced beyond a reasonable doubt that the same result would have been reached in the absence of the error. *State v. Guloy*, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985), *cert. denied*, 475 U.S. 1020 (1986). Here, Deal testified that after attempting to kick in the door, he broke the window and entered the house. By his own admission, therefore, he was unlawfully remaining on the premises at the time he intentionally assaulted Prins. In short, Deal's testimony was sufficient to establish all of the elements of first degree burglary. We are, therefore, convinced that the jury would have found him guilty of first degree burglary even if the improper jury instruction had not been given.

## III

Finally, Deal contends that the trial court impermissibly commented on the evidence when it submitted the aforementioned instruction to the jury. Trial court judges are forbidden from commenting upon the evidence presented at trial. Washington Const. art. IV, § 16. "An impermissible comment is one which conveys to the jury a judge's personal attitudes toward the merits of the case or allows the jury to infer from what the judge said or did not say that the judge personally believed the testimony in question." *State v. Swan*, 114 Wn.2d 613, 657, 790 P.2d 610 (1990), *cert. denied*, 498 U.S. 1046 (1991).

We are satisfied that the challenged jury instruction did not amount to a comment on the evidence. Although, as we have observed, the instruction is flawed in part, it did not in any way betray the personal beliefs of the trial court judge regarding Deal's testimony.

## IV

We conclude that although the challenged jury instruction did not amount to an impermissible comment on the evidence, the language in the jury instruction, "unless such entering or remaining shall be explained by evidence satisfactory to the jury to have been made without such criminal intent," wrongly shifted the burden of persuasion from the State to Deal. Instruction 9, Clerk's Papers at 37. The instructional error was, however, harmless.

Affirmed.

DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, and TALMADGE, JJ., concur.

PEKELIS, J.P.T.* (concurring) — I concur in the majority's holding that Appellant's conviction should be affirmed. I agree with the majority's reliance on *State v. Brunson*, 128 Wn.2d 98, 905 P.2d 346 (1995) in which we recently held that it was not error for the trial court to give an instruction identical to the first portion of the challenged instruction in this case because the instruction creates a constitutionally valid permissive inference. I also agree with the majority that the instruction did not amount to a comment by the judge on the evidence. I write separately, however, because I disagree with the majority's conclusion that the "unless" clause of the instruction impermissibly shifted the burden of persuasion to Deal. I do not believe that it was error to give this portion of the instruction in this case and would affirm for this reason.

*Justice Rosselle Pekelis is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. IV, § 2(a) (amend. 38).

As the majority notes, this court recently reviewed a jury instruction identical to the challenged instruction in this case, except that it did not contain the "unless" clause. *Brunson*, 128 Wn.2d at 105.[6] In *Brunson*, we held that the inference of intent instruction created a permissive inference. *Id.* at 106. This court reasoned that

> [T]he language of the instruction is clearly discretionary. The instruction tells the jury it "may" infer criminal intent and "[t]his inference is not binding on you and it is for you to determine what weight, if any, such inference is to be given." WPIC 60.05. Nothing in the instruction suggests the jury must infer criminal intent if it finds unlawful entry. The jury is free to accept or reject the inference.

*Id.* The question before the court in this case is whether the addition to the instruction of the "unless" clause transforms it such that it creates an unconstitutional mandatory inference.

In *State v. Johnson*, 100 Wn.2d 607, 674 P.2d 145 (1983), this court reviewed an instruction substantively identical to the challenged instruction in this case.[7] The *Johnson* court expressed concern that the "unless" clause "might well lead a reasonable juror to interpret the instruction as creating a mandatory production-shifting presumption." 100 Wn.2d at 619. The *Johnson* court defined a "production-shifting presumption" as one that requires the trier of fact to draw a certain inference unless the de-

---

[6]The challenged instruction in *Brunson* was as follows:

A person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein. This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given.

128 Wn.2d at 101.

[7]The challenged instruction in *Johnson* was as follows:

Any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein, unless such entering or remaining shall be explained by evidence satisfactory to you to have been made without criminal intent.

100 Wn.2d at 611.

fendant produces some evidence to the contrary. *Id.* at 615. The court then held that, when operative, production-shifting presumptions are impermissible because when the defendant presents no evidence, the jury is required to find the existence of an element of the crime, effectively relieving the State of its burden of persuasion on that element. *Id.* at 617.

The critical difference between *Johnson* and this case is that the defendant did not testify in *Johnson.* The *Johnson* court recognized that "[t]hese constitutional infirmities disappear, however, when the defendant in his own case produces sufficient evidence from which a reasonable juror could find he has met his burden." *Id.* at 617-18. That is so because in such a case the instruction becomes, in effect, a permissive inference—one that "may be inferred." *Id.* at 618. I agree with the *Johnson* court that the instruction cannot trigger the ills feared by the court when the defendant has already met his burden of production on the issue of intent.[8] The issue of whether the jury might feel required to make the inference if the defendant were to produce no evidence simply does not exist when the defendant has in fact produced such evidence.

The majority in this case, with virtually no analysis or justification, not only repudiates the express determination by the *Johnson* court that the instruction is proper when the defendant has testified, but abandons the court's characterization of the instruction as a "mandatory production-shifting presumption" in situations when the defendant has not testified. 100 Wn.2d at 619 (emphasis

---

[8]All nine members of the *Johnson* court agreed with this proposition. In fact, Justice Rosellini, writing for the dissent, discerned no problem with the "unless" clause, stating:

Contrary to the majority's position, I believe the clause, "unless such entering or remaining shall be explained by evidence satisfactory to you", simply circumscribes the jury's ability to draw the inference when the entrance has been explained. The majority rejects this conclusion by asserting that if that were true, the clause would be entirely redundant. That may be, but no court has yet ruled that redundancy is unconstitutional.

100 Wn.2d at 631 (Rosellini, J., dissenting).

added). Instead, the majority concludes that it is error to give this instruction under any circumstance because a reasonable juror could always understand the instruction to create a persuasion-shifting presumption. I disagree.

I would adhere to our determination in *Johnson* that the instruction could, at most, be interpreted as production-shifting. When the defendant offers evidence sufficient to meet any perceived burden of production, as Deal did, then the instruction creates a constitutionally valid permissive inference. I would thus hold that here Deal's right to due process was not violated by the challenged instruction.

DURHAM, C.J., concurs with PEKELIS, J. Pro Tem.