94 P.3d 323 (2004)
STATE of Washington, Respondent,
v.
John Martin SANDOVAL, Appellant.
No. 21915-1-III.
Court of Appeals of Washington, Division 3, Panel One.
April 29, 2004.
Publication Ordered July 13, 2004.
*324 Dennis W. Morgan, Ritzville, WA, for Appellant.
Ronald S. Zirkle, Yakima, WA, for Respondent.
SWEENEY, J.
A jury is permitted to infer criminal intent from entering or remaining in a building, but only if the State makes a sufficient showing of some fact from which that inference can be drawn. We conclude that there has been no such showing here. We therefore reverse this conviction for first degree burglary and remand with instructions that a permissive inference instruction not be given in a retrial.

FACTS
John Martin Sandoval kicked in the front door of a stranger's home, went in, and shoved the occupant. The State charged him with first degree burglary.
Mr. Sandoval is an alcoholic. He started drinking while watching a football game on the afternoon of December 22, 2002. He drank almost a 12-pack of beer and then walked to a tavern and drank more beer. He does not remember leaving the tavern or anything else until he woke up in jail.
At about 3:20 A.M. on December 23, 2002, Mr. Sandoval kicked in the front door of Mike Christensen's home. Mr. Christensen has been a reserve deputy for 12 years for the Sunnyside Police Department. He confronted Mr. Sandoval and demanded, "What are you doing in my house?" Report of Proceedings (RP) at 13. Mr. Sandoval responded by asking, "Who are you?" RP at *325 40. Mr. Sandoval shoved Mr. Christensen's chest, knocking him back a few steps. Mr. Christensen punched Mr. Sandoval in the head, took him down to the floor, and restrained him until police arrived.
Mr. Sandoval did not have house keys with him at the time of his arrest. Maria Alvarez, Mr. Sandoval's wife, testified that her husband had kicked in the door of their apartment before when she did not answer immediately.
The court gave a permissive inference instruction without objection. The jury found Mr. Sandoval guilty.

DISCUSSION
Mr. Sandoval's first problem is that he took no exception to the permissive inference instruction he now complains of. He contends instead that the instruction relieved the State of its burden of proof and thereby violated his due process rights. "Due process requires the State to bear the `burden of persuasion beyond a reasonable doubt of every essential element of a crime.'" State v. Deal, 128 Wash.2d 693, 698, 911 P.2d 996 (1996) (quoting State v. Hanna, 123 Wash.2d 704, 710, 871 P.2d 135 (1994)). We agree with him. This due process challenge to the propriety of a jury instruction is an issue of constitutional magnitude. Deal, 128 Wash.2d at 698, 911 P.2d 996; see also RAP 2.5(a)(3).
We review a due process challenge to jury instructions de novo. State v. DeRyke, 149 Wash.2d 906, 910, 73 P.3d 1000 (2003).
A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building and if, in entering or while in the building or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person.
RCW 9A.52.020(1). The intent required for burglary is intent to commit any crime inside the burglarized premises. State v. Bergeron, 105 Wash.2d 1, 4, 711 P.2d 1000 (1985). Intent to commit a crime may be inferred when a person enters or remains unlawfully. RCW 9A.52.040.
The permissive inference instruction allows the jury to infer intent:
A person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein unless such entering or remaining shall be explained by evidence satisfactory to the jury to have been made without such criminal intent. This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given.
Clerk's Papers at 33.
But the permissive inference cannot relieve the State of its burden to prove each element of a crime without violating due process. State v. Randhawa, 133 Wash.2d 67, 76, 941 P.2d 661 (1997). And we evaluate the constitutional propriety of these instructions based on the particular facts of each case, and specifically the State's evidence supporting the inference. Id.; Hanna, 123 Wash.2d at 712, 871 P.2d 135.
When a permissive inference is "only part of the State's proof supporting an element and not the `sole and sufficient' proof of such element, due process is not offended if the prosecution shows that the inference more likely than not flows from the proven fact." Deal, 128 Wash.2d at 699-700, 911 P.2d 996 (citing State v. Brunson, 128 Wash.2d 98, 107, 905 P.2d 346 (1995)). Mr. Sandoval asserts that because the inference was the only proof of intent the State's burden was greater. And it failed to prove that his intent to commit a crime against a person or property flowed beyond a reasonable doubt from any proven fact. Appellant's Br. at 3. See Brunson, 128 Wash.2d at 107-10, 905 P.2d 346 (citing County Court of Ulster County v. Allen, 442 U.S. 140, 167, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979)); Hanna, 123 Wash.2d at 711, 871 P.2d 135 (suggesting that when a permissive inference is the "sole and sufficient" proof of an element of the crime, due process requires that the inference flow beyond a reasonable doubt from the proved fact). The beyond a reasonable doubt standard of proof has not been applied *326 by the Washington Supreme Court. State v. Farr-Lenzini, 93 Wash.App. 453, 469 n. 7, 970 P.2d 313 (1999). Nor need we apply it here because even under the lesser standard, the State has failed to meet its burden.
A permissive inference must flow from a proven fact. Deal, 128 Wash.2d at 700, 911 P.2d 996. And so our job here is to determine whether the elemental fact  intent  more likely flowed from the proven or foundational facts. Farr-Lenzini, 93 Wash.App. at 469, 970 P.2d 313.
Mr. Sandoval and Mr. Christensen did not know each other. Mr. Sandoval loudly kicked open the door. The lock on the storm door was broken. The front door casing was broken. And the door was cracked. He shoved Mr. Christensen only when confronted. Mr. Christensen did not know what to make of Mr. Sandoval's presence. Mr. Sandoval was surprised to see Mr. Christensen in the residence.
But there is no fact, alone or in conjunction with others, from which entering with intent to commit a crime more likely than not could flow. The parties were strangers. The assault was a shove after entering. Mr. Sandoval did not try to sneak in. He was not wearing burglary-like apparel or carrying burglary tools. See State v. Bencivenga, 137 Wash.2d 703, 705, 711, 974 P.2d 832 (1999). He did not attempt to flee. See Bergeron, 105 Wash.2d at 11, 711 P.2d 1000. Mr. Christensen noted: "It's not like he was in a hurry to get out." RP at 21. Mr. Sandoval did not try to take any of Mr. Christensen's property or confess to doing so. See State v. Brunson, 76 Wash.App. 24, 30-31, 877 P.2d 1289 (1994), aff'd, 128 Wash.2d 98, 905 P.2d 346 (1995). The inference of intent to commit the crime of first degree burglary does not then flow more probably than not from the breaking and entering here.
We reverse the conviction and remand for a new trial without the permissive inference instruction.
WE CONCUR: KATO, C.J., and BROWN, J.