150 P.3d 1167 (2007)
STATE of Washington, Respondent,
v.
Frank E. SIMPSON, Appellant.
No. 24725-2-III.
Court of Appeals of Washington, Division 3.
January 25, 2007.
*1168 William D. Edelblute, Spokane, WA, for Appellant.
Kevin Michael Korsmo, Spokane, WA, for Respondent.
SWEENEY, C.J.
¶ 1 A sentencing court can always impose restrictions on a defendant as part of a sentence. RCW 9.94A.505(8). Those restrictions must, however, be reasonably related to the crime. Former RCW 9.94A.030(12) (2003).[1] Here, the defendant pleaded guilty to a reduced charge based on the sexual assault of a minor  she was too young to consent to sexual contact. As a condition of community custody release, the sentencing court required the defendant to obtain the explicit consent of every sex partner as well as the approval of his therapist and community corrections officer for future sexual activity. We hold that these conditions are reasonably related to Mr. Simpson's crimes. And we affirm the sentence as a proper exercise of the sentencing judge's discretion.

FACTS
¶ 2 Mr. Simpson pleaded guilty to two counts of attempted second degree assault with sexual motivation. The victim was a minor.
¶ 3 The court sentenced Mr. Simpson under Washington's indeterminate sentencing scheme for sex offenders, RCW 9.94A.712. The court followed the State's recommendation and sentenced Mr. Simpson to concurrent sentences of 17 months to 10 years.
¶ 4 The judgment and sentence includes an appendix that is standard for sex offenders. *1169 It sets out the required duration of community custody or community placement. It lists 26 conditions. Nine of these are mandatory, and 17 are listed as "other" conditions. The prosecutor here made a blanket request for all 26 conditions. The court agreed and imposed the conditions. Mr. Simpson argued that two of the nonmandatory conditions were inappropriate. The first was that he not have sexual contact with any person without his or her explicit consent. And the second was that he not have sexual contact with anyone without prior approval of his therapist and his community corrections officer. Clerk's Papers at 22.
¶ 5 The sentencing judge acknowledged Mr. Simpson's concerns about some of the conditions, but believed each one was reasonable and necessary to provide appropriate supervision.

DISCUSSION
CONSENT REQUIREMENT
¶ 6 A sentencing court may impose crime-related prohibitions and affirmative conditions. RCW 9.94A.505(8). A "crime-related prohibition" is an order prohibiting conduct that directly relates to the circumstances of the crime. Former RCW 9.94A.030(12). We review the trial court's determination that a condition of community placement is crime-related for abuse of discretion. State v. Riley, 121 Wash.2d 22, 37, 846 P.2d 1365 (1993).
¶ 7 The first question presented here is whether the requirement for explicit consent by his sex partners is reasonably related to the offense. Mr. Simpson notes that his offense was against a minor. But, he argues, this condition applies equally to sexual contact with consenting adults. Therefore, he argues, the condition is unrelated to his crime.
¶ 8 The State responds that the court focuses on the crime actually committed not the crime named in the guilty plea. Mr. Simpson does not dispute this. Mr. Simpson pleaded guilty to attempted second degree assault with sexual motivation. The age of the victim was not mentioned in the charge, but it was a sex offense for sentencing purposes. Former RCW 9.94A.030(38)(c) (2003).[2] Therefore, the State contends, prohibiting all sex without explicit consent is crime-related.
¶ 9 The court determined that these restrictions were "reasonable." Report of Proceedings at 12. We agree.
¶ 10 Mr. Simpson's point is well taken that the purpose of the "explicit consent" condition here cannot be to protect minors. A different condition prohibits him from all contact with minors without official approval. Also, a minor's consent to sex has no legal effect, however explicit it may be. So this condition must apply to sex with adults.
¶ 11 But age is immaterial. Mr. Simpson carried on sexually with a person who legally could not consent. Lack of consent is lack of consent whether it is based on legal incapacity or is a clearly articulated refusal by someone capable of consenting. Here, the contact was offensive  even traumatic to this victim. Mr. Simpson apparently missed the victim's cues because the girl could not verbalize her objection. Recognizing consent, then, is a problem for Mr. Simpson. Therefore, requiring unequivocal consent is reasonably related to his crime.
CONSTITUTIONAL IMPLICATIONS
¶ 12 Mr. Simpson also argues that the explicit consent restriction violates his constitutional right to due process of law and that it is unconstitutionally vague. An ordinary person, he contends, cannot know what "explicit" consent means in this context and would have to guess.
¶ 13 We review due process challenges de novo. State v. Sandoval, 123 Wash.App. 1, 4, 94 P.3d 323 (2004); State v. DeRyke, 149 Wash.2d 906, 910, 73 P.3d 1000 (2003).
¶ 14 Due process guarantees citizens fair warning of what constitutes prohibited conduct. City of Spokane v. Douglass, 115 Wash.2d 171, 178, 795 P.2d 693 (1990). To satisfy due process, a prohibition must be *1170 definite enough that an ordinary person can understand what conduct is prohibited. Id. The prohibition must provide standards of guilt that are clear enough to preclude arbitrary enforcement. Id.
¶ 15 Unless a statute or rule defines its terms, the words have their ordinary meaning. State v. Smith, 118 Wash.App. 480, 484, 93 P.3d 877 (2003). "Explicit" means: "characterized by full clear expression: . . . leaving nothing implied: UNEQUIVOCAL . . . unreserved and unambiguous in expression . . . externally visible: clearly observable." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 801 (1993). The dictionary definition does not say verbal.
¶ 16 Expressions of consent to intimacy can certainly be unambiguous, unequivocal, clearly observable, and also mute. But the fact that the precise meaning of "explicit" in a given context is necessarily situational does not mean a prohibition using the word is necessarily unconstitutional. The question is whether it is clear enough that a person of ordinary understanding can recognize a violation. Douglass, 115 Wash.2d at 178, 795 P.2d 693. The word "explicit" in this context is not unconstitutionally vague.
OFFICIAL APPROVAL FOR SEXUAL CONTACT
¶ 17 Mr. Simpson next argues that the requirement for prior official approval for sexual contact with consenting adults is, again, not reasonably related to his offense. He says it is overly broad and unduly burdensome. See State v. Riles, 135 Wash.2d 326, 957 P.2d 655 (1998).
¶ 18 This concern strikes us as speculative at this point. The constitutionality of this condition will turn on how it is applied. Reasonably interpreted, this restriction will keep Mr. Simpson's future relationships out of court by allowing his therapist and community placement supervisor to address potential trouble before the fact. If the post-release supervision turns out to be as intrusive as Mr. Simpson fears, Title 16 of the Rules of Appellate Procedure allows him to seek relief by way of a personal restraint petition.
¶ 19 Again for us, limiting this offender's sexual freedom is reasonably related to an offense involving overstepping boundaries. Age is not a factor. The same considerations would apply to a senior citizen as to a teenager: the community wants to provide necessary support and supervision in matters of judgment and impulse control.
¶ 20 We affirm the court's restrictions here as reasonably related to Mr. Simpson's crime.
WE CONCUR: SCHULTHEIS and KATO, JJ.
NOTES
[1] Now RCW 9.94A.030(13).
[2] Now RCW 9.94A.030(42)(c).