[No. 41127-0-II.   Division Two.   April 10, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT MICHAEL NORDGREN, *Appellant*.

*Lisa E. Tabbut*, for appellant.

*Anthony F. Golik, Prosecuting Attorney*, and *Abigail E. Bartlett, Deputy*, for respondent.

¶1 HUNT, J. — Robert Michael Nordgren appeals his jury trial conviction for second degree assault. He argues that the jury instruction defining "recklessness"[1] created an unlawful mandatory presumption. We affirm.

## FACTS

¶2 Robert Michael Nordgren assaulted Jon Wayne Eichstadt, whom Nordgren suspected was connected to three guests' wallets stolen during a birthday party. Eichstadt suffered "facial fractures," "a fractured hyoid bone,"[2] and "a broken jaw," which required surgery.[3] 1 Verbatim Report of Proceedings at 138. The State charged Nordgren with second degree assault. At trial in 2010,

---

[1] Clerk's Papers (CP) at 12 (Jury Instruction 8).

[2] The hyoid bone is located in the throat.

[3] By the time of trial, Eichstadt still suffered numbness on one side of his face and had difficulty eating.

Nordgren admitted that he had hit Eichstadt but claimed self defense. The trial court instructed the jury on self defense, the elements of the crime, and the definition of "recklessly."[4] Nordgren did not object to any of these jury instructions.

¶3 The jury found Nordgren guilty of second degree assault. He appeals.

## ANALYSIS

¶4 Nordgren's sole argument is that jury instruction 8's "recklessness" definition created a mandatory presumption that relieved the State of its burden to prove this element of second degree assault, thereby violating his right to due process. Because Nordgren did not object to this instruction below, we usually would not consider this argument for the first time on appeal unless he could show that giving this instruction was a manifest error affecting a constitutional right and, therefore, reviewable under the exception in RAP 2.5(a)(3). But even assuming, without deciding, that Nordgren could meet the requirements for this exception to RAP 2.5's error preservation requirement,[5] his argument fails.

¶5 We review jury instruction challenges de novo, evaluating the challenged instruction "in the context of the instructions as a whole." *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995), *cert. denied*, 518 U.S. 1026 (1996). A mandatory presumption in an instruction requires the jury to find a presumed fact from a proven fact; if such instruction relieves the State of its obligation to prove all elements of the charged crime, it violates a defendant's right to due process. *State v. Deal*, 128 Wn.2d 693, 699, 911 P.2d 996

---

[4] CP at 12 (Jury Instruction 8).

[5] The constitutionality of this "recklessness" instruction is a recurring issue in Division Two of the Court of Appeals. Accordingly, we take this opportunity to address and to resolve this issue on its merits despite Nordgren's failure to object below.

(1996). It is reversible error for the trial court to instruct the jury in a manner that relieves the State of its burden to prove every essential element of a crime beyond a reasonable doubt. *Pirtle*, 127 Wn.2d at 656.

¶6 The trial court instructed the jury: "A person commits the crime of assault in the second degree when he or she *intentionally assaults* another and thereby *recklessly inflicts* substantial bodily harm." Clerk's Papers (CP) at 7 (Jury Instruction 3) (emphasis added). The trial court's "to convict" instruction similarly provided:

> To convict the defendant of the crime of assault in the second degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about October 10, 2009 to October 11, 2009, the defendant *intentionally assaulted* Jon W. Eichstadt;
>
> (2) That the defendant thereby *recklessly inflicted substantial bodily harm* on Jon W. Eichstadt; and
>
> (3) That this act occurred in the State of Washington.
>
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
>
> On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

CP at 10 (Jury Instruction 6) (emphasis added). The trial court also defined "recklessly":

> A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act may occur and this disregard is a gross deviation from conduct that a reasonable person would exercise in the same situation.
>
> *When recklessness is required to establish an element of a crime, the element is also established if a person acts intentionally or knowingly.*

CP at 12 (Jury Instruction 8) (emphasis added).

¶7 Nordgren argues that the definition of "recklessness" in this latter instruction 8 created an erroneous mandatory

presumption in that it did not limit the intentional or knowing acts on which the jury could rely to establish the "reckless infliction of substantial bodily harm" element of second degree assault.[6] He contends that this instruction (1) failed to specify that, for purposes of proving the "substantial bodily harm" element, "recklessness" is also established if a person acts "intentionally" or "knowingly"; and (2) thus, impermissibly *required* the jury to find that he recklessly inflicted substantial bodily harm if it found that he intentionally assaulted Eichstadt.

¶8 Nordgren further contends that jury instruction 8 suffers the same reversible defect as the recklessness instruction in *State v. Hayward*, 152 Wn. App. 632, 217 P.3d 354 (2009). The *Hayward* instruction provided, in part, " 'Recklessness is also established if a person acts intentionally.' " *Hayward*, 152 Wn. App. at 640. We held that this instruction improperly conflated the mens rea element of assault with the mens rea required for the resulting harm element, thereby relieving the State of its burden to prove the *separate* element of reckless infliction of substantial bodily harm. *Hayward*, 152 Wn. App. at 645. We reversed Hayward's assault conviction because his jury instruction on "recklessness" "impermissibly allowed the jury to find Hayward recklessly inflicted substantial bodily harm if it found that Hayward intentionally assaulted [the victim]." *Hayward*, 152 Wn. App. at 645. We further noted that this instruction did not reflect the corresponding pattern jury instruction, which was amended in 2008 (two years before Nordgren's trial) to follow RCW 9A.08.010(2) more closely after we held in *State v. Goble*, 131 Wn. App. 194, 203, 126 P.3d 821 (2005), "that [a similar] jury instruction defining 'knowledge' created a mandatory presumption."[7] *Hayward*, 152 Wn. App. at 642, 644-46.

---

[6] Br. of Appellant at 7 (citing RCW 9A.36.021(1)(a)).

[7] *See also* RCW 9A.08.010(2) ("When recklessness suffices to establish an element, such element also is established if a person acts intentionally or knowingly."); 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.03 note on use at 209 (3d ed. 2008) (WPIC) ("With regard to the bracketed

¶9 The previous pattern jury instruction, taken from former 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 10.03, at 153 (2d ed. 1994), provided, "Recklessness also is established if a person acts intentionally or knowingly." RCW 9A.08.010(2) provides in part:

> Substitutes for Criminal Negligence, Recklessness, and Knowledge. . . . When recklessness suffices to establish an element, such element also is established if a person acts intentionally or knowingly.

Thus, in contrast with the previous pattern instruction, the current pattern jury instruction, revised to reflect this statutory language, now provides in part:

> [When recklessness [as to a particular [result] [fact]] is required to establish an element of a crime, the element is also established if a person acts [intentionally] [or] [knowingly] [as to that [result][fact]].]

11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.03, at 209 (3d ed. 2008) (WPIC) (alterations in original).[8]

¶10 We acknowledge that, here, instruction 8 did not refer to any "[result] [fact]," as suggested in this revised WPIC pattern instruction. Nevertheless, instruction 8 tracked RCW 9A.08.010(2)'s definition of "recklessness" word for word; and it did not contain the *Hayward* instruction flaw. On the contrary, instruction 8's references to establishing a specific "element of a crime" and "the element"[9] ensured

---

language in the instruction's final sentence, see the discussion of the *Goble* case in the Comment to WPIC 10.02, Knowledge—Definition.").

[8] We note that a majority of our court approved an instruction similar to this version of the pattern instruction in *State v. McKague*, 159 Wn. App. 489, 246 P.3d 558 (J. Hunt writing the plurality; J. Quinn-Brintnall concurring on this point), *overruled in part on other grounds*, 172 Wn.2d 802, 262 P.3d 1225 (2011). The instruction in *McKague* stated, " 'When recklessness as to a particular fact is required to establish an element of a crime, the element is also established if a person acts intentionally or knowingly.' " *McKague*, 159 Wn. App. at 509 (emphasis omitted) (quoting *McKague* Clerk's Papers at 47).

[9] CP at 12.

that (1) the jury could consider "recklessness" *only* in the context of the specific element to which it applied, "substantial bodily harm"; and (2) the jury could find the "substantial bodily harm" element satisfied *only* if it found Nordgren had inflicted such harm recklessly, intentionally, *or* knowingly.

¶11 In short, contrary to Nordgren's assertion, instruction 8 did not *require* the jury to find that he had "recklessly" inflicted "substantial bodily harm," the second element of the charged crime, if it found that he had intentionally assaulted Eichstadt, the first element of the crime. Br. of Appellant at 7. Rather, in order to convict Nordgren, the instructions taken together and read as a whole required the jury to find not only that Nordgren intentionally assaulted Eichstadt but also that, as a result of this intentional assault, Nordgren intentionally, knowingly, or recklessly caused the substantial bodily harm Eichstadt suffered. We hold, therefore, that instruction 8's definition of "recklessness" was not error.

¶12 We affirm.

PENOYAR, C.J., and JOHANSON, J., concur.