IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32993-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIE ARREDONDO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — A jury found Willie Arredondo guilty of second degree burglary.
On appeal, Mr. Arredondo argues that the jury instruction on the element of intent
improperly created a mandatory presumption, impermissibly shifting the burden of
persuasion to him to prove his presence in the store was not for an unlawful purpose. The
State concedes the jury instruction violated Mr. Arredondo's due process rights, but
argues the error was harmless. Because the State's evidence demonstrates beyond a
reasonable doubt that the erroneous instruction did not affect the verdict, we hold that the
error was harmless and affirm.

FACTS AND PROCEDURAL HISTORY

On May 20, 2014, loss prevention officers observed Willie Arredondo and his
companion, Shara Bates, enter the Moses Lake Walmart carrying two large empty duffle
bags. Deeming the possession of the "very empty" duffle bags suspicious, the officers

followed the pair's movements using the store's surveillance cameras. Report of Proceedings (Nov. 19, 2014) at 29.

Surveillance video shows the couple separated on arrival. Mr. Arredondo headed to the restroom and Ms. Bates spent several minutes shopping for candy and snacks at the front of the store.

The couple reunited and walked to the pharmacy/personal care section of the store, where both Mr. Arredondo and Ms. Bates placed items in the shopping cart. They then walked to the bath linens aisle. When the couple entered the aisle, the shopping cart was partially filled with merchandise and the empty duffle bags remained in the cart. At this time, surveillance video clearly shows merchandise in the cart.

The video shows Mr. Arredondo's and Ms. Bates's heads, and a partial view of the front of the cart—the shelving on the aisles obstructs a view of the rest of the cart, and the entirety of the pair's bodies. Nonetheless, as the surveillance video zooms in on the small portion of the cart that is visible, a pair of hands can be seen removing items from the cart. Once the video is zoomed out again, it is apparent the hands belonged to Ms. Bates. Mr. Arredondo is standing behind her.

The video shows Ms. Bates leaving the bath linens aisle, carrying a full duffle bag. Mr. Arredondo followed her, pushing the now mostly empty cart and eating candy.

The video shows Mr. Arredondo and Ms. Bates separated again, and Mr. Arredondo can be seen abandoning the cart. He attempted to leave the store through the

2

grocery entrance, but was immediately apprehended by loss prevention officers and escorted off camera. Loss prevention officers similarly detained Ms. Bates in the parking lot after she attempted to leave the premises with merchandise she did not pay for in the duffle bag.

Officers took both Mr. Arredondo and Ms. Bates to the store's asset protection office. Mr. Arredondo admitted to officers that he was trespassed from all Walmart stores for a previous incident.[1]

Officers found about $200 worth of stolen merchandise in the duffle bag Ms. Bates was carrying. The items included the personal care products placed in the cart by Mr. Arredondo. Mr. Arredondo told loss prevention he was aware Ms. Bates came to the store intending to steal.

The State charged Mr. Arredondo with second degree burglary. The matter proceeded to trial and the surveillance videos were admitted into evidence and shown to the jury. Mr. Arredondo did not testify.

At the conclusion of trial, the court gave the jury a "permissible inference" instruction.

> A person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein *unless such entering or remaining shall be explained by evidence satisfactory to the jury to have been made without such criminal*

---

[1] A trespass is a lifetime ban from all Walmart and Sam's Club properties.

3

*intent.* This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given.

Clerk's Papers at 22 (emphasis added). The instruction was given over Mr. Arredondo's objection. The jury was not instructed on accomplice liability.

The jury returned a verdict of guilty and Mr. Arredondo was convicted of one count of second degree burglary. He timely appeals.

## ANALYSIS

Mr. Arredondo contends the permissible inference jury instruction created a mandatory presumption that he entered the Walmart for an unlawful purpose, and that such a presumption impermissibly shifted the burden of persuasion to him, denying him his due process rights. The State concedes the instruction impermissibly shifted the burden of persuasion to Mr. Arredondo, but argues the error was harmless.

Due process requires the State to establish every element of a crime beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Where a defendant is charged with second degree burglary, the State bears the burden of persuasion to show that the defendant, with the intent to commit a crime against a person or property therein, entered or remained unlawfully in a building other than a vehicle or a dwelling. RCW 9A.52.030(1).

"The State may use evidentiary devices, such as presumptions and inferences, to assist it in meeting its burden of proof, though they are not favored in criminal law."

4

*State v. Cantu*, 156 Wn.2d 819, 826, 132 P.3d 725 (2006). "These devices generally fall into one of two categories: mandatory presumptions (the jury is *required* to find a presumed fact from a proven fact) and permissive inferences (the jury is *permitted* to find a presumed fact from a proven fact but is not required to do so)." *State v. Deal*, 128 Wn.2d 693, 699, 911 P.2d 996 (1996). Mandatory presumptions may run afoul of a defendant's due process rights to the extent they "serve to relieve the State of its obligation to prove all of the elements of the crime charged." *Id.* (citing *Sandstrom v. Mont.*, 442 U.S. 510, 517, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)).

The constitutionality of a mandatory presumption is examined in light of the jury instructions read as a whole. *Deal*, 128 Wn.2d at 701. "The jury instructions, taken in their entirety, must inform the jury that the State bears the burden of proving every essential element of a criminal offense beyond a reasonable doubt." *State v. Jensen*, 149 Wn. App. 393, 398-99, 203 P.3d 393 (2009). The burden of persuasion is deemed to be impermissibly shifted if the fact finder must draw a certain inference upon the failure of the defendant to prove through evidence that the inference should not be drawn. *Deal*, 128 Wn.2d at 701 (citing *Sandstrom*, 442 U.S. at 517). Potential errors in jury instructions are reviewed de novo. *State v. Porter*, 150 Wn.2d 732, 735, 82 P.3d 234 (2004).

The challenged jury instruction here was also challenged in *Deal*. The *Deal* court held that the wording of the instruction created a mandatory presumption, because it

5

"require[d] the Defendant to either introduce evidence sufficient to rebut the inference that he remained on the premises with intent to commit a crime, or concede that element of the crime." 128 Wn.2d at 701. The court further ruled this improper burden shifting was not cured by the statement, included in the instruction, that the "inference is not binding upon you." *Id.* As in *Deal*, the trial court here erred when it provided the jury with an instruction that created a mandatory presumption and relieved the State of its burden of persuasion.

Nonetheless, "[i]t is well established that constitutional errors . . . may be so insignificant as to be harmless." *State v. Guloy*, 104 Wn.2d 412, 425, 705 P.2d 1182 (1985). A constitutional error is harmless if the reviewing court is convinced beyond a reasonable doubt that the same result would have been reached in the absence of the error. *Deal*, 128 Wn.2d at 703. "'[T]he burden of proving harmlessness is on the State and it must do so beyond a reasonable doubt.'" *State v. Irby*, 170 Wn.2d 874, 886, 246 P.3d 796 (2011) (quoting *State v. Caliguri*, 99 Wn.2d 501, 509, 664 P.2d 466 (1983).

Mr. Arredondo contends the error was not harmless. In support of his contention, he cites *Deal* and *Cantu*—each of which considered the constitutionality of the same instruction at issue here—for the proposition that error is only harmless if the defendant's own testimony establishes the element of intent. Neither of these cases stand for this proposition. Rather, the cases simply consider whether there was sufficient evidence to

6

permit the fact finder to determine beyond a reasonable doubt that the defendant acted with intent, absent the mandatory presumption.

Mr. Arredondo also argues that the absence of an instruction on accomplice liability precludes a finding of harmless error, but this argument, too, fails. Washington's Supreme Court has noted "the emptiness of any distinction between principal and accomplice liability." *State v. McDonald*, 138 Wn.2d 680, 688, 981 P.2d 443 (1999). "The legislature has said that anyone who participates in the commission of a crime is guilty of the crime and should be charged as a principal, regardless of the degree or nature of his participation. . . . The elements of the crime remain the same." *State v. Carothers*, 84 Wn.2d 256, 264, 525 P.2d 731 (1974), *disapproved on other grounds by State v. Harris*, 102 Wn.2d 148, 153-54, 685 P.2d 584 (1984); *see also McDonald*, 138 Wn.2d at 689 ("It is enough to note that '[a]ccomplice liability represents a legislative decision that one who participates in a crime is *guilty as a principal*, regardless of the degree of the participation.'" (quoting *State v. Hoffman*, 116 Wn.2d 51, 104, 804 P.2d 577 (1991))). The jury did not need to be instructed on accomplice liability in order to find Mr. Arredondo entered Walmart for an unlawful purpose.

There was ample evidence presented to the jury to support a finding that Mr. Arredondo acted with the requisite intent. Mr. Arredondo and Ms. Bates entered the store together in possession of *two* empty duffle bags. Even though the videos show the couple separating several times, it also shows they always came back together and

7

conducted the majority of their shopping together. Both Ms. Bates and Mr. Arredondo placed items in the shopping cart. Given his close proximity to Ms. Bates, even if he did not participate in placing the merchandise into the duffle bag, Mr. Arredondo could see Ms. Bates put merchandise from the cart into her bag. Mr. Arredondo could see the once full cart was empty of merchandise, and the once empty bag on Ms. Bates's shoulder was full. Finally, there was testimony that Mr. Arredondo stated he knew Ms. Bates intended to steal merchandise. Evidence was sufficient to permit a reasonable fact finder to find Mr. Arredondo entered the Walmart with the intent to steal merchandise, even absent the mandatory presumption.

We conclude, beyond a reasonable doubt, the jury would have reached the same result in the absence of the instructional error. Because error was harmless, we affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, A.C.J.

8