IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  40085-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIM DAVIS JOHNSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Kim Johnson was convicted of theft of a motor vehicle and trafficking in stolen property in the first degree.  On appeal, he challenges the trafficking in stolen property conviction, arguing an erroneous instruction to the jury relieved the State of its burden of having to prove beyond a reasonable doubt an essential element of the charge.  In a statement of additional grounds for review (SAG), Mr. Johnson also raises an issue about his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

We adhere to our holding in *State v. Gerdts*, 136 Wn. App. 720, 150 P.3d 627 (2007), affirm Mr. Johnson's conviction, and decline review of his SAG.

BACKGROUND

On the morning of April 12, 2023, a Stevens County Sheriff's Office deputy responded to a report of a stolen vehicle from Adam's Tractor. An employee reported he had noticed upon his arrival at Adam's Tractor that a red and silver 1997 Chevrolet pickup with an attached Myers snowplow had been stolen from the premises.

About a month later, a tip about the location of the truck led detectives to Mr. Johnson's residence. There, officers found a gray Chevrolet pickup, lacking a Myers snowplow, with red paint in the bed and under the taillight lenses. Officer confirmed the vehicle was the truck stolen from Adam's Tractor and noticed the steering column had been torn apart and the ignition was missing.

Mr. Johnson told the detectives that someone "had brought him the [truck] and exchanged it for a white passenger vehicle." Rep. of Proc. (RP) at 249. When asked about the Myers snowplow, Mr. Johnson first claimed, "it had been removed but it was likely still on the property or on the adjacent property." RP at 249. Mr. Johnson later stated he gave the snowplow to someone in exchange for work on the truck.

The State charged Mr. Johnson with burglary in the second degree, possession of a stolen motor vehicle, theft of a motor vehicle, and trafficking in stolen property in the first degree. The charges were tried to a jury in October 2023.

2

The trial court discussed jury instructions with the attorneys following the evidentiary portion of the trial. Neither party objected to the court's to-convict instruction for trafficking in stolen property in the first degree. Instruction 21 states, in part:

> To convict the defendant of the crime of Trafficking in Stolen Property in the First Degree, each of the following elements must be proved beyond a reasonable doubt:
>
> 1. That on or between April 12, 2022 and May 10, 2023, the defendant *knowingly* trafficked in stolen property;
>
> 2. That the defendant *knew* the property was stolen; and
>
> 3. That this act occurred in the State of Washington.

Clerk's Papers (CP) at 76 (emphasis added). The court contemplated an instruction of the definition of "knowingly." RP at 432. The final sentence of the definitional instruction reads, "When acting knowingly as to a particular fact is required to establish an element of a crime, the element is also established if a person acts intentionally as to that fact." CP at 73. Mr. Johnson objected to the final sentence of the instruction and proposed the same definition for "knowingly" absent the last sentence. CP at 50. The court overruled Mr. Johnson's objection and adopted the definitional instruction as instruction 18. RP at 432.

Ultimately, the jury acquitted Mr. Johnson of the burglary charge, but found him guilty of possession of a stolen motor vehicle, theft of a motor vehicle, and trafficking in

3

stolen property in the first degree. The court vacated the possession of a stolen motor vehicle conviction at sentencing.

Mr. Johnson timely appeals his conviction for trafficking in stolen property.

ANALYSIS

Mr. Johnson argues inclusion of the last sentence in instruction 18 relieved the State of its burden of proving he knew the snowplow was stolen when he trafficked it. Specifically, Mr. Johnson argues instruction 18 allowed the jury to convict him if it found he intentionally trafficked the snowplow rather than trafficked the snowplow knowing it was stolen. The State responds that the issue was not preserved for appeal and, if preserved, the trial court did not err in including the last sentence in instruction 18. The State further claims that if the trial court did err in giving the instruction, any error was harmless.

The due process clause of the Fourteenth Amendment to the United States Constitution provides that criminal defendants are innocent until proven guilty and that the government must prove guilt beyond a reasonable doubt. U.S. CONST. amend. XIV; *In re Winship*, 397 U.S. 358, 362, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Thus, the State must prove beyond a reasonable doubt every essential element of a charged crime to sustain a conviction. *Winship*, 397 U.S. at 364.

Taken in their entirety, the court's instructions to the jury "must inform the jury that the State bears the burden of proving every essential element of a criminal offense

beyond a reasonable doubt." *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995).

Relieving the State of this burden is reversable error. *Id*. "'Jury instructions are

"sufficient when they allow counsel to argue their theory of the case, are not misleading,

and when read as a whole properly inform the trier of fact of the applicable law."'"

*Gerdts*, 136 Wn. App. at 727 (quoting *State v. Douglas*, 128 Wn. App. 555, 562, 116

P.3d 1012 (2005)). "Alleged errors of law in jury instructions are reviewed de novo[,]"

and are evaluated "in the context of the instructions as a whole." *State v. Barnes*, 153

Wn.2d 378, 382, 103 P.3d 1219 (2005); *Pirtle*, 127 Wn.2d at 656.

   As an initial matter, the State argues Mr. Johnson failed to preserve his exception

to instruction 18. Generally, we do not "review any claim of error which was not raised

in the trial court." RAP 2.5(a). The purpose of RAP 2.5 is to give the opposing party a

chance to respond and allow the trial court a chance to correct the error. 2A Karl B.

Tegland, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.5 author's cmt. 1, at 233 (7th

ed. 2011).

   Here, Mr. Johnson's trial counsel stated, "I object to that one" in response to the

trial court's inquiry on instruction 18. RP at 429. Further, in addition to noting an

objection, defense counsel proposed a similar definitional instruction without the final

sentence. The trial court overruled Mr. Johnson's objection, stating, "there are facts in

this case that the jury could reasonably infer where that would be relevant." RP at 431-

32.

Defense counsel adequately apprised the trial court of the issue and gave the court an opportunity to correct the alleged error. Thus, Mr. Johnson's claimed error has been sufficiently preserved for our review.

In reliance on *State v. Goble*, 131 Wn. App. 194, 126 P.3d 821 (2005), Mr. Johnson argues the last sentence of instruction 18 allowed jurors to conclude he had the requisite knowledge to find him guilty of trafficking in stolen property if they found he merely "intentionally" conveyed the snowplow. Br. of Appellant at 17. In response, the State directs us to *Gerdts*[1] where we held that instructions to the jury do not create a mandatory presumption[2] when, like here, the charged crime contains a single mens rea, namely knowledge.

Mandatory presumptions violate a defendant's "due process rights if they serve to relieve the State of its obligation to prove all of the elements of the crime charged." *State v. Deal*, 128 Wn.2d 693, 699, 911 P.2d 996 (1996). A mandatory presumption requires the jury to "find a presumed fact from a proven fact." *Id.* "The standard for determining

---

[1] 136 Wn. App. 720.

[2] On reply, Mr. Johnson denies he is arguing that the jury instructions created a mandatory presumption. Reply Br. of Appellant at 8-9. However, Mr. Johnson reiterates his reliance on *Goble* which concerned mandatory presumptions in jury instructions. Reply Br. of Appellant at 8-9. Though *Goble* only mentions the term "mandatory presumption" once, *Gerdts* reiterated that *Goble* concerned mandatory presumptions in jury instructions. 136 Wn. App. at 727-29.

whether a jury instruction creates a mandatory . . . presumption is whether a reasonable juror might interpret the presumption as mandatory." *Id.* at 701.

In *Goble*, we considered whether the knowledge definition relieved the State of its burden of proving an element of the offense. *Goble*, 131 Wn. App. at 202. There, the jury was instructed that it would have to find Mr. Goble intentionally assaulted a law enforcement officer, and knew the victim was a law enforcement officer to convict Mr. Goble of third degree assault. *Id.* at 200. The disputed portion of the knowledge instruction read, "Acting knowingly or with knowledge also is established if a person acts intentionally." *Id.* at 202 (emphasis omitted).

On appeal, we concluded the knowledge instruction created a confusing mandatory presumption because it "allowed the jury to presume Goble knew [the officer's] status at the time of the incident if it found Goble had intentionally assaulted [the officer]." *Id.* at 203. "This conflated the intent and knowledge elements required under the to-convict instruction into a single element and relieved the State of its burden of proving that Goble knew [the officer's] status if it found the assault was intentional." *Id.*

In *Gerdts*, we refined *Goble*'s holding. Mr. Gerdts was convicted of malicious mischief after scraping the victim's car as he passed by. *Gerdts*, 136 Wn. App. at 723, 725-26. The jury was instructed that to convict Mr. Gerdts of malicious mischief, it was required to find beyond a reasonable doubt that Mr. Gerdts "caused physical damage to

the property of another" and that he "acted knowingly and maliciously." *Id.* at 725

(emphasis omitted). Similar to *Goble*, Mr. Gerdts argued the knowledge instruction

created a mandatory presumption because it "allowed the jury to find he acted with

knowledge if he intentionally walked past the van, regardless of whether he knowingly

damaged the van." *Id.* at 727-28. We disagreed, concluding the knowledge instruction

did not create a mandatory presumption because "[u]nlike the offense at issue in *Goble*,

there was no second mens rea element to conflate." *Id.* at 728.

Here, *Gerdts* is dispositive. To convict Mr. Johnson of trafficking in stolen

property, the State was required to prove beyond a reasonable doubt that, in part, Mr.

Johnson *knowingly* trafficked stolen property and *knew* the property was stolen. The

single mens rea of the crime is knowledge. Because there is not more than one mens rea

that could be conflated, like in *Goble*, instructions 18 and 21 did not create a mandatory

presumption.

The trial court did not err in its instructions to the jury. Because we find no error,

we need not engage in a constitutional harmless error analysis.

RAP 10.10(a) allows an appellant to "file a pro se statement of additional grounds

for review to identify and discuss those matters related to the decision under review *that*

the defendant believes have not been adequately addressed by the brief filed by the

defendant's counsel." (Emphasis in original.). However, we generally only consider

issues raised in a SAG that adequately inform us of the nature and occurrence of the

alleged errors. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008). A SAG cannot be reviewed if the claim is too vague to properly inform us of the alleged error. *State v. Bluehorse*, 159 Wn. App. 410, 436, 248 P.3d 537 (2011).

Mr. Johnson's SAG consists of a single sentence: "The arresting officer or any other persons never read [him] the *Miranda* rights." SAG at 1. He fails to provide any argument or analysis as to how his right against self-incrimination was violated. We therefore decline review of his SAG.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Fearing, J.

_____
Staab, A.C.J.